■ In the Matter of KARL S. and Another, Alleged to be Neglected Children. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; PATRICIA T., Respondents.—Weiss, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered February 15, 1985, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Karl and Sharon S. neglected children.

Petitioner commenced this proceeding to adjudicate Karl and Sharon S., then aged 16 and 14, as neglected children when respondents, their mother and stepfather, failed to pursue recommended psychiatric counseling for these children after an episode in which each child ingested an excessive amount of aspirin in what was diagnosed as a "suicide ges-

ture". At the commencement of the fact-finding hearing, the petition was withdrawn as to Karl because he was incarcerated in the Schoharie County Jail. After the hearing, Family Court dismissed the remainder of the petition, holding that petitioner had failed to produce a preponderance of evidence to substantiate a finding of neglect. Petitioner has appealed. Respondents did not file a brief in opposition.

We reverse. In our view, the continuation of the fact-finding hearing in the absence of Sharon's court-appointed Law Guardian was error. At the hearing, it appears that petitioner rested its direct case before a noon recess and that the Law Guardian informed Family Court and opposing counsel that he would not be present during the presentation of respondents' testimony because he had to catch a plane. While the Law Guardian expressed reservations as to whether petitioner met its burden of proof, the court determined that a prima facie case of neglect had been made.* The proceeding was reconvened that afternoon and, following the testimony of both respondents, the petition was ultimately dismissed.

The Family Court Act provides for the appointment of a Law Guardian to protect the interests of a child in a Family Court proceeding (Family Ct Act §§ 241, 249 [a]; *Matter of Orlando F.,* 40 NY2d 103, 112), thereby creating an attorney-client relationship *(Matter of Bentley v Bentley,* 86 AD2d 926, 927). A child may waive his or her right to legal representation only when shown to possess the requisite knowledge and willingness *(see, Matter of Lawrence S.,* 29 NY2d 206, 208-209). Although neither counsel objected to the continuation of the hearing after the Law Guardian departed, only Sharon may waive the presence of her legal counsel *(see, Matter of Holland,* 75 AD2d 1005). The absence of representation, therefore, constituted a denial of Sharon's due process rights, requiring that a new hearing be held.

Having so determined, we need not determine whether the evidence presented was sufficient. We do note that since petitioner's witnesses have testified to a continued risk of suicide, Family Court should exercise its power under Family Court Act § 1027 (e) to authorize immediate psychotherapy for Sharon.

Order reversed, on the law, without costs, and matter

---

* Although the record evidences some confusion as to whether the petition with respect to the mother was dismissed after the morning session, our review of the record indicates that Family Court did not, for all practical purposes, dismiss the petition against her at this point.

remitted to the Family Court of Delaware County for further proceedings not inconsistent herewith. Kane, J. P., Main, Weiss, Mikoll and Yesawich, Jr., JJ., concur.