56

In the Matter of CALLANAN INDUSTRIES, INC., Respondent, v FRANKLIN E. WHITE, as Commissioner of Transportation of the State of New York, Respondent, and DARRELL W. HARP et al., Appellants.

Third Department, December 31, 1986

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Richard J. Dorsey, O. Peter Sherwood* and *Peter H. Schiff* of counsel), for appellants.

*Hayes & Hayes (Harry R. Hayes* of counsel), for respondent.

### OPINION OF THE COURT

MIKOLL, J.

The issue herein is whether Supreme Court properly determined that both Darrell W. Harp, Assistant Commissioner of Legal Affairs for the Department of Transportation (hereinafter Department), and the Department were in contempt of a January 9, 1986 order to show cause which contained the following provision: "in the meantime and until the determination of the application brought on by this order to show cause Respondent be and he hereby is restrained from withholding the award of contracts to Petitioner and from otherwise enforcing Respondent's determination dated January 3, 1986 which purports to debar Petitioner". Petitioner alleged in its motion for contempt that respondent violated the order to show cause by withholding the award of contracts D251610 and D500230 to petitioner pursuant to its lowest bids thereon.

Supreme Court, after a hearing, determined that the Department failed to take petitioner off its list of debarred contractors. The Department and Harp were fined $215,194.52, the lost profits claimed by one of petitioner's witnesses on contracts D251610 and D500230. The Department was further ordered to award a third contract, D251611, to the lowest responsible bidder without reference to the Department's decision of January 3, 1986, which had debarred petitioner for a 30-month period. Finally, the Department was ordered to notify its regional offices to remove petitioner and its affiliates from any debarment lists.

Subsequently, Harp and the Department moved to renew and reargue the motion for contempt on the ground that testimony offered by one of their witnesses was in error regarding steps taken to strike petitioner's and its affiliates'

names from the list of debarred contractors and to forestall regional offices from making negative determinations regarding petitioner and its affiliates. The motion was denied. Harp and the Department appeal from both the order of contempt and the denial of the motion to renew and reargue.

A party may be found to be in civil or criminal contempt upon its failure to obey a court order (CPLR 5104; Judiciary Law §§ 750, 753). The party making the motion for contempt has the burden of proof of establishing violation of the court order *(Yalkowsky v Yalkowsky,* 93 AD2d 834). Civil contempt requires proof to a reasonable certainty *(Matter of Hynes v Hartman,* 63 AD2d 1, *mot to dismiss appeal granted* 45 NY2d 838) and criminal contempt, proof beyond a reasonable doubt *(N.A. Dev. Co. v Jones,* 99 AD2d 238). Civil contempt occurs when there is a disobedience of a court order, regardless of motive, which must have defeated, impaired, impeded or prejudiced the rights of the other party (Judiciary Law § 753). A party is guilty of criminal contempt if the court order has been willfully disobeyed (Judiciary Law § 750 [A] [3]).

The Department and Harp were found to be in both criminal and civil contempt of the order to show cause. Supreme Court found that letters from Harp to petitioner's attorney, dated January 13, 1986, indicated that Harp considered the debarment order to be in effect.* We note, however, that these letters referred to contracts D251610 and D500230. The decision to reject petitioner's bids on these contracts occurred on January 6, 1986, prior to the issuance of the order to show cause dated January 9, 1986. The record indicates that these bids were based on individual findings of nonresponsibility and not on the debarment order. The Department was under no restraint as of January 6, 1986 in its processing of these bids since the order to show cause had not yet been issued. Petitioner demanded by letter that these two contracts be awarded to it after the order to show cause was issued. Harp rejected the request. Due to petitioner's claims that refusal to award it the two contracts was in contempt of the January 9, 1986 order to show cause, respondent moved for clarification of the order to show cause. On February 14, 1986, a new order was signed which provided that: "the said temporary order of the undersigned dated January 9, 1986, is clarified to provide that it was not intended [that the Department] be stayed from

---

* Supreme Court's decision makes reference to only one January 13, 1986 letter but the record contains two such letters.

performing its statutory duty under [Highway Law § 38 (3)] in exercising its discretion in awarding contracts to the lowest responsible bidder". Contract D251610 was awarded to another bidder. As to contract D500230, all bids thereon were rejected as too high.

There must be a reversal of the finding of contempt. First, we find that the original order to show cause was ambiguous and lacked the precision necessary to sustain either a criminal or civil violation of it. The clarification order cleared up the beclouded issue as to whether respondent could make contract-by-contract determinations in awarding contracts. Second, the original order to show cause became effective subsequent to the Department's actions on the two bids for contracts D251610 and D500230. Third, the Department was within its powers in awarding contract D251610 to another contractor and in rejecting all bids on contract D500230 pursuant to Highway Law § 38 (3), since petitioner was found not to be a responsible bidder. There is no prohibition to basing a decision on a bidder's past conduct, as was done here, to determine if it is responsible (see, Matter of Callanan Indus. v City of Schenectady, 116 AD2d 883). Based on the foregoing, we find no basis for a finding of either civil or criminal contempt as to contracts D251610 and D500230.

We further hold that no finding of contempt could be made as to contract D251611. Petitioner's motion for contempt made no mention of this contract. It thus could not properly serve as the underpinning for a finding of contempt.

Having found that Supreme Court had an insufficient basis for finding contempt, the question of whether there was an abuse of discretion in denying respondent's motion for renewal and reargument is academic.

MAHONEY, P. J., CASEY, YESAWICH, JR., and LEVINE, JJ., concur.

Order entered February 11, 1986 reversed, on the law, with costs, and motion for contempt denied.

Appeal from order entered March 13, 1986 dismissed, as academic, without costs.