■ In the Matter of LAURA SOMMER, Appellant, v RAYMOND HARRINGTON, Respondent. [607 NYS2d 706] —In a proceeding pursuant to CPLR article 78, inter alia, to compel the respondent Acting Surrogate of Nassau County to accept and consider papers in a proceeding pending in the Surrogate's Court, Nassau County, the petitioner appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (McCaffrey, J.), entered May 10, 1991, as dismissed the proceeding. By decision and order of this Court dated November 29, 1993, the judgment appealed from was affirmed insofar as appealed from, and the petitioner and her former counsel and the counsel for the respondent were directed to appear before this Court to be heard upon the issue of appropriate sanctions and costs pursuant to 22 NYCRR 130.1-1 to be imposed against the petitioner and/or her former counsel for their conduct in pursuing a frivolous appeal.

Upon the proceedings before this Court on December 15, 1993, at which the parties and their attorneys and Peter R. Newman, former attorney for the petitioner, had an opportunity to be heard on the issue of sanctions and costs, it is,

Ordered that, within 20 days after service upon him of a copy of this decision and order with notice of entry, the petitioner's former counsel, Peter R. Newman, is directed to personally pay sanctions in the sum of $5,000 to the Lawyers' Fund for Client Protection of the State of New York, for his conduct in pursuing a frivolous appeal; and it is further,

Ordered that, within 20 days after service upon her of a copy of this decision and order with notice of entry, the petitioner is directed to personally pay sanctions in the sum of $5,000 to the Clerk of this Court, for transmittal to the New York State Commissioner of Taxation and Finance, for her conduct in pursuing a frivolous appeal; and it is further,

Ordered that the Clerk of the Supreme Court, Nassau County, shall enter judgment accordingly *(see,* 22 NYCRR 130-1.2).

In view of the patently frivolous nature of the petitioner's appeal *(see, Matter of Sommer v Harrington,* 198 AD2d 508), we determine that the imposition of sanctions in the maximum aggregate amount permitted by 22 NYCRR 130-1.2 of $10,000, $5,000 to be paid by the petitioner personally and $5,000 to be paid by her former counsel Peter R. Newman personally, is appropriate. Mangano, P. J., Sullivan, O'Brien and Ritter, JJ., concur.