■ In the Matter of NEW YORK CITY DEPARTMENT OF SOCIAL SERVICES, on Behalf of SAMUEL H. and Another, Appellant. Luz S., Respondent; LENORE GITTIS, Appellant. [618 NYS2d 42] —In a neglect proceeding pursuant to Family Court Act article 10, the Law Guardian for the children and the New York City Commissioner of Social Services separately appeal, from so much of an order of the Family Court, Kings County (Palmer, J.), entered April 14, 1994, as dismissed the petition as against the respondent mother.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new hearing.

The petitioner commenced this proceeding on behalf of Samuel H. and Marion H., alleging that they had been neglected by their biological mother and their putative father. A fact-finding hearing commenced on April 14, 1994. The mother, her attorney, the petitioner's caseworker, and the petitioner's counsel were present. However, the Law Guardian for the children was absent. The hearing convened, and the petitioner presented its case against both respondents. At the conclusion of the petitioner's case, the Law Guardian made her appearance. Immediately thereafter, the respondent mother presented her case. At the conclusion of the respondent's case, the Law Guardian requested a continuance. This was denied by the court. The court found against the putative father and dismissed the petition as against the biological mother.

The Family Court Act provides for the appointment of a Law Guardian to protect the interests of a child in a Family Court proceeding (see, Family Ct Act §§ 241, 249 [a]; *Matter of Orlando F.,* 40 NY2d 103; *Matter of Karl S.,* 118 AD2d 1002). This appointment creates an attorney-client relationship (see, *Matter of Bentley v Bentley,* 86 AD2d 926). The presence of the children's Law Guardian at a hearing is necessary to protect the children's interests in such proceedings, which pit the natural parent against an agency (see, *Matter of Orlando F., supra; Matter of Holland,* 75 AD2d 1005). It is essential that in order for the children to have effective representation, the Law Guardian must insure that the evidence sustaining the allegations be fully developed (see, *Matter of Jamie TT.,* 191 AD2d 132). The Law Guardian is appointed to fully represent the children's rights (see, *Matter of Audrey PP.,* 144 AD2d 723).

Here, the absence of the Law Guardian constituted a denial of the children's due process rights, and a new hearing is required (see, *Matter of Karl S., supra*). The Law Guardian's role is vital in the protection of the rights and interests of a child in a Family Court proceeding, and therefore her presence was necessary (see, *Matter of Holland,* 75 AD2d 1005, supra; *Matter of Burns,* 66 AD2d 740; cf., *Matter of Wolfgang N.,* 179 AD2d 1090). Copertino, J. P., Pizzuto, Altman and Hart, JJ., concur.