■ PHILIP CHU, Respondent, v GREEN POINT SAVINGS BANK, Appellant. [631 NYS2d 252] —In a mortgage foreclosure action, the parties and their counsel were directed to appear before this Court to be heard on the issue of appropriate sanctions and costs pursuant to 22 NYCRR 130-1.1 to be imposed against the appellant Green Point Savings Bank and its counsel, the law firm of Cullen and Dykman, for their conduct in pursuing a frivolous appeal from stated portions of a judgment of the Supreme Court, Queens County (Lonschein, J.), entered January 11, 1994.

Upon the proceedings before this Court on June 21, 1995, at which the parties had an opportunity to be heard on the issue of sanctions and costs, it is

Ordered that, within 20 days after service upon it of a copy of this decision and order, with notice of entry, the appellant is directed to pay costs in the sum of $5,000 to the plaintiff for its conduct in pursuing a frivolous appeal; and it is further,

Ordered that, within 20 days after service upon it of a copy of this decision and order, with notice of entry, the appellant's counsel, the law firm of Cullen and Dykman, is directed to pay costs in the sum of $4,000 to the plaintiff for its conduct in pursuing a frivolous appeal; and it is further,

Ordered that, within 20 days after service upon it of a copy of this decision and order, with notice of entry, the appellant's counsel, the law firm of Cullen and Dykman, is directed to pay sanctions in the sum of $1,000 to the Lawyers' Fund for Client Protection of the State of New York, for its conduct in pursuing a frivolous appeal; and it is further,

Ordered that the clerk of the Supreme Court, Queens County, shall enter judgment accordingly (22 NYCRR 130-1.2).

In our prior decision and order dated June 12, 1995, we examined the underlying action to foreclose a mortgage and we affirmed, insofar as appealed from, a judgment of the

Supreme Court, Queens County, entered January 11, 1994 (see, *Chu v Green Point Sav. Bank*, 216 AD2d 348). In addition, we concluded that the appeal so obviously lacked merit in both fact and law that it must be characterized as frivolous within the meaning of 22 NYCRR 130-1.1.

Inasmuch as the appearance of the parties and their counsel before this Court on June 21, 1995, confirmed the conclusion that the appeal was patently frivolous, we direct that the appellant Green Point Savings Bank pay the sum of $5,000 to the plaintiff, and the appellant's counsel pay the sum of $4,000 to the plaintiff, to defray the costs reasonably incurred by him in defending the appeal from the judgment entered in his favor. Similarly, we find that the imposition of sanctions in the amount of $1,000 against the appellant's counsel is appropriate under the circumstances. Sullivan, J. P., Miller, Thompson and Joy, JJ., concur.