■ PUBLIC ADMINISTRATOR, on Behalf of the Estate of DANIEL LEEDS, Appellant, v RICHARD DOYLE et al., Respondents. (Action No. 1.) PUBLIC ADMINISTRATOR, on Behalf of the Estate of DANIEL LEEDS, Appellant, v HOME FEDERAL SAVINGS BANK et al., Respondents. (Action No. 2.) [662 NYS2d 833] —In consolidated actions, *inter alia*, to recover damages for fraud, misrepresentation, and wrongful eviction, the plaintiff purportedly appealed, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Colabella, J.), dated February 26, 1996, as, upon his motion to vacate a default, was in favor of the defendants and against him, dismissing all but one of the causes of action asserted in Action No. 2. The judgment was affirmed insofar as purportedly ap-

pealed from by decision and order of this Court dated May 5, 1997. By decision and order of this Court dated June 4, 1997, this Court's decision and order of May 5, 1997, was recalled and vacated on the ground that Daniel Krasnick, the purported attorney for the appellant, did not have authority to prosecute the appeal on behalf of the appellant, and Daniel Krasnick and counsel for the respective parties were directed to show cause why an order should not be made and entered imposing such sanctions and costs, if any, on Daniel Krasnick pursuant to 22 NYCRR 130-1.1 (c) as this Court might deem appropriate.

On the Court's own motion and on the papers submitted to this Court in opposition or relation thereto, it is,

Ordered that within 20 days after service upon him of a copy of this decision and order with notice of entry, Daniel Krasnick is directed to personally pay costs in the following amounts: $5,000 to the Law Offices of Joseph Messina as counsel to the defendants Richard Doyle, Georgia Doyle, and Joseph Messina; $3,700 to the law firm of Sirlin, Sirlin & Nolletti as counsel to the defendant Home Federal Savings Bank; and $1,300 to the law firm of O'Connor, McGuinness, Conte, Doyle, Oleson & Collins as counsel to the defendant Betty Garvey; and it is further,

Ordered that the Clerk of the Supreme Court, Westchester County, shall enter judgments accordingly (*see*, 22 NYCRR 130-1.2).

The papers before us indicate that on August 17, 1996, attorney Daniel Krasnick perfected an appeal in this Court on behalf of his client, Daniel Leeds. The following day, Leeds died. In subsequent correspondence with the Court, Krasnick stated that the Public Administrator was authorized to prosecute the appeal on behalf of the Leeds estate, and that the Public Administrator had requested Krasnick's services as counsel. Based on Krasnick's representations, the appeal was calendared and a decision and order was rendered on May 5, 1997.

However, the Public Administrator advised Krasnick on more than one occasion that the matter could not proceed until limited letters of administration were issued pursuant to SCPA 702. No letters of administration were ever issued, and the Public Administrator never authorized Krasnick to act or appear on the estate's behalf in this litigation.

We find Krasnick's unauthorized prosecution of the appeal to be frivolous conduct (*see*, 22 NYCRR 130-1.1 [c] [1]), and award costs to the respondents pursuant to 22 NYCRR 130-1.1 (a) in the aggregate amount of $10,000, as permitted by 22 NYCRR

130-1.2. We have directed the pro rata apportionment of the award based on the parties' submissions. Bracken, J. P., Copertino, Santucci and Altman, JJ., concur.