■ STEVEN C. GREENE, Plaintiff, v MERCHANTS & BUSINESSMEN'S MUTUAL INSURANCE COMPANY, Defendant and Third-Party Plaintiff-Appellant. HERMAN PORITZKY et al., Third-Party Defendants-Respondents. [686 NYS2d 454] —In an action, *inter alia,* for a judgment declaring that the plaintiff is entitled to recover under an insurance policy, the defendant third-party plaintiff, Merchants & Businessmen's Mutual Insurance Company, appeals from an order of the Supreme Court, Westchester County (Silverman, J.), entered January 28, 1998, which, upon prior orders of the same court, *inter alia,* granting the motion of the third-party defendant for the imposition of a sanction against it, and upon a hearing to determine the amount of the sanction, imposed a sanction upon it pursuant to 22 NYCRR 130-1.1 and 1.2 in the amount of $10,000, to be paid to the third-party defendants Herman Poritzky and Suburban Ventures.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new determination in accordance herewith.

The Supreme Court properly determined that the defendant third-party plaintiff, Merchants & Businessmen's Mutual Insurance Company, engaged in frivolous conduct by commencing a third-party action without evidentiary grounds to believe that its claim was meritorious. After a hearing, the court determined that the attorney's fee, costs, and disbursements incurred by the third-party defendants in the undisputed amount of $13,720.95, were fair and reasonable. It then imposed what it termed a sanction in the maximum amount of $10,000 against the appellant, and directed that it be paid to the third-party defendants.

Pursuant to 22 NYCRR 130-1.1 (a), the court may award "costs in the form of reimbursement for actual expenses and reasonable attorney's fees" as a result of frivolous conduct. In

addition to or in lieu of costs, the court may impose a sanction against either an attorney or a party to the litigation or both (*see,* 22 NYCRR 130-1.1 [a], [b]). While such a sanction may not exceed $10,000 (*see,* 22 NYCRR 130-1.2), there is no similar limit on the amount that the court may award as costs. Moreover, an award of costs is to be made to a "party or attorney in any civil proceeding or action" (22 NYCRR 130-1.1 [a]), but a sanction is to be "deposited with the Lawyers' Fund for Client Protection" (22 NYCRR 130-1.3).

Here, it cannot be determined whether the court intended to sanction the appellants, or to award costs to the third-party defendant in the amount of its reasonable attorney's fee, costs, and disbursements, or both. Therefore, the matter must be remitted for a new determination. S. Miller, J. P., Thompson, McGinity and Luciano, JJ., concur.