(December 2, 1999)

■ Joseph DiPietro et al., Respondents-Appellants, v Seth Rotter, P. C., et al., Appellants-Respondents. [699 NYS2d 353] —Judgment, Supreme Court, New York County (Lorraine Miller, J.), entered on or about July 20, 1999, which found defendants liable to plaintiffs based on default, unanimously reversed, on the law, without costs, and defendants' time to answer the complaint extended to 20 days after the date of this order. Order, same court and Justice, entered on or about June 3, 1999, which denied defendants' pre-answer motion to dismiss the complaint, unanimously affirmed, without costs. Defendants' appeal from the order, same court and Justice, entered on or about March 25, 1999, which denied defendants' motion to extend their time to answer or otherwise move against the complaint and referred the matter to a Special Referee, and their appeal from the order, same court and Justice, entered on June 9, 1999, which, *inter alia*, granted plaintiffs' motion to find defendants in default and denied defendants' motion to renew and reargue the March 25, 1999 order, unanimously dismissed, without costs. Plaintiffs' cross-appeal from the above-described order, entered on June 9, 1999, insofar as it implicitly denied their request for a jury trial on damages, unanimously dismissed, without costs, as academic.

After plaintiffs agreed to two extensions of defendants' time to answer in this legal malpractice action, defendants moved, by order to show cause, for an order granting them a further two week extension to answer or otherwise move. The order to show cause, which was signed on March 22, 1999, and which was not appealed, included the following handwritten insert by the court "Ordered that pending the hearing of this motion, defendants' time to answer or otherwise move with respect to the complaint is hereby tolled".

On March 24, 1999, defendants moved to dismiss the complaint. However, on the following day, the parties appeared on the motion for an extension of time, which the court denied, *sua sponte* referring the matter to a Special Referee for an assessment of damages. Plaintiff thereupon moved for a default judgment as to liability and for a jury trial on damages, and defendants cross-moved to vacate the default. The court denied the motion to dismiss as moot, formally granted the motion for a default judgment and denied the motion to vacate the default.

We find that the court erred in finding defendants in default. The language written into the order to show cause tolled the time for the defendants to answer or otherwise move until the motion for an extension of time was heard. Since the defendants did in fact move to dismiss before any such hearing, their motion was timely and they were not in default.

We note that, even had defendants actually been in default, there were a number of procedural errors involved when the court *sua sponte* referred the matter for a finding on damages, apparently finding the defendants in default *sub silentio*. Plaintiff had not at that point submitted an affidavit of merit (*see*, CPLR 3215 [f]) and defendant had not been provided with adequate notice that a default judgment could be granted (*see*, CPLR 3215 [g] [1]).

However, while we find no default, we find that defendants' motion to dismiss the complaint was nevertheless properly denied. The documentary evidence annexed to the affidavit of defense counsel was sufficient under the circumstances to establish that there was no merit to plaintiffs' malpractice claim against defendants Rotter and Ripka with respect to the alleged mishandling of the underlying claims against Great Bay and Duhl, which had been dismissed when plaintiffs were represented by other counsel. However, it did not demonstrate that the malpractice claims with respect to the underlying claim against Phoenix were without merit, inasmuch as counsel did not dispute that those claims were dismissed because discovery requests were not responded to when defendant Rotter was attorney of record and there was no evidence submitted to refute the allegations that Rotter and Ripka were employees and/or partners of each other at the relevant times.

While plaintiffs properly maintain that the court should have granted their motion for a jury trial on damages, inasmuch as we find that there was no proper basis for the finding that defendants were in default and defendants must therefore be afforded an opportunity to answer, the issue as to a jury trial on damages is now academic. Concur—Ellerin, P. J., Wallach, Rubin and Buckley, JJ.