■ DAVID HADDAD et al., Respondents, v MAC HADDAD, Appellant. [707 NYS2d 220] —In a purported proceeding to permit the inspection of the books and records of a limited partnership, Mac Haddad appeals from an order of the Supreme Court, Kings County (Huttner, J.), dated March 2, 1999, which, *inter alia,* denied his motion to dismiss the purported proceeding and *sua sponte* imposed a sanction upon him personally in the sum of $1,000 for frivolous motion practice.

Ordered that on the Court's own motion, the purported proceeding is converted into an action for an accounting, the petition is deemed the complaint, and the caption is amended accordingly (*see,* CPLR 103 [c]); and it is further,

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal as of right from the third decretal paragraph of the order which *sua sponte* imposed a sanction upon the appellant personally is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is modified by deleting the third decretal paragraph thereof imposing a sanction in the sum of $1,000 upon the appellant personally; as so modified, the order is affirmed, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Kings County, for a hearing in accordance herewith.

As the Supreme Court had jurisdiction over the parties (*see,* CPLR 308 [2]), we convert the purported proceeding into an action for an accounting (*see,* CPLR 103 [b], [c]).

The plaintiffs sufficiently established their entitlement to inspect the books and records of the limited partnership (*see,* Partnership Law § 99 [1]; § 121-106 [b]). However, the appellant was not afforded an opportunity to be heard before the court imposed a sanction upon him personally. Further, the court failed to state why it found the amount of the sanction imposed to be appropriate (*see,* 22 NYCRR part 130; *Morrison v Morrison,* 246 AD2d 634; *Bosco v U-Haul of Flatbush,* 244 AD2d 373). As it appears that the imposition of a sanction might be warranted in this instance, the matter is remitted to the Supreme Court, Kings County, for further proceedings in compliance with 22 NYCRR part 130 (*see, Hendrickson v Saratoga Harness Racing,* 170 AD2d 719, 722).

The appellant's remaining contentions are without merit. Ritter, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.