■ UNITED CAPITAL CORP., Formerly Known as METROPOLITAN CONSOLIDATED INDUSTRIES, INC., Respondent, v 183 LORRAINE STREET ASSOCIATES et al., Defendants, and FRENCH BOUREKAS, INC., Appellant. WILLIAM TURNER, Nonparty Respondent. (And Another Title.) [711 NYS2d 914] —Appeal by the defendant French Bourekas, Inc., from an order of the Supreme Court, Kings County (Shaw, J.), entered September 2, 1998, which was determined by decision and order of this Court dated December 27, 1999. In the decision and order dated December 27, 1999, the appellant, its counsel, and counsel for the respondents were directed to show cause why an order should not be made and entered imposing such sanctions and/or costs, if any, against the appellant and its counsel pursuant to 22 NYCRR 670.2 (h), as this Court deemed appropriate.

Upon the Court's own motion and upon the papers submitted in support thereof and in opposition thereto, it is

Ordered that within 20 days after service upon him of a copy of this decision and order, Gerard Zwirn, counsel for the appellant, is directed to pay a sanction in the sum of $10,000 to the Lawyers Fund for Client Protection (see, 22 NYCRR 130-1.1 [b]; 130-1.3); and it is further,

Ordered that the Clerk of the Supreme Court, Kings County, shall enter judgment accordingly (see, 22 NYCRR 130-1.2); and it is further,

Ordered that the Clerk of this Court, or his designee, shall serve a copy of this decision and order upon counsel for the parties by regular mail.

By decision and order dated June 8, 1998, this Court affirmed an order of the Supreme Court, Kings County, which held that the appellant, French Bourekas, Inc. (hereinafter Bourekas), lacked standing to assert the claims it was advancing in an underlying foreclosure action (see, United Capital Corp. v 183 Lorraine St. Assocs., 251 AD2d 400). Despite the affirmance with respect to its lack of standing, further litigation was instituted on behalf of Bourekas in the Supreme Court, attempting once again to assert claims in the underlying foreclosure action. Those claims were rejected by the Supreme Court and Bourekas again appealed. By decision and order dated December 27, 1999, this Court determined that the

appellant's rights in the foreclosure action had been extinguished and that it therefore lacked standing to assert the claims made (*see, 183 Holding Corp. v 183 Lorraine St. Assocs.,* 251 AD2d 386; *United Capital Corp. v 183 Lorraine St. Assocs.,* 267 AD2d 454, 455).

In light of the meritless nature of the claims asserted (*see,* 22 NYCRR 130-1.1 [c] [1]; *see also, United Capital Corp. v 183 Lorraine St. Assocs.,* 274 AD2d 573 [decided herewith]), the prior determination with respect to the lack of standing on the part of Bourekas, and the prosecution of the instant appeal by counsel for Bourekas despite that holding, we conclude that the imposition of a sanction in the amount indicated is appropriate. Joy, J. P., Sullivan, Krausman and Luciano, JJ., concur.