■ STEWART L. PUDERBAUGH et al., Plaintiffs, v STATE EMPLOYEES FEDERAL CREDIT UNION et al., Respondents. ANDREW F. CAPOCCIA LAW CENTERS, L. L. C., Appellant. [714 NYS2d 387] —Mugglin, J. Appeal from an order of the Supreme Court (Keegan, J.), entered July 20, 1999 in Albany County, which imposed sanctions against plaintiffs' counsel.

Plaintiffs had two outstanding loans with defendant State Employees Federal Credit Union (hereinafter SEFCU). The first loan was used to purchase an automobile and the car was pledged as collateral security for such loan and all past and future loans. The second loan refinanced an earlier unsecured loan. As a result of financial difficulties, plaintiffs retained Andrew F. Capoccia Law Centers, L. L. C. (hereinafter Capoccia) who directed plaintiffs to refrain from making the monthly payments on the second loan. As a result, SEFCU repossessed the automobile and plaintiffs commenced an action for conversion and alleged violations of General Business Law § 349, Personal Property Law § 413, and the Truth in Lending Act (15 USC § 1601 *et seq.*).

Defendants answered, counterclaiming for breach of contract and account stated. After examinations before trial, defendants

moved for summary judgment on their counterclaims, specifically including a request that sanctions be imposed against Capoccia for asserting claims which were known to be meritless.

As a result of plaintiffs' default on this motion, Supreme Court granted defendants summary judgment on their counterclaims and concluded that Capoccia brought an action that was "completely without merit" and designed to delay and harass. This order directed that Capoccia pay defendants' costs and counsel fees as a sanction for the frivolous conduct and that defendants' counsel submit an affidavit of the number of hours spent on the case. Defendants' counsel's affidavit requested $13,051.99 as costs and counsel fees. Capoccia, through an associate, submitted an affidavit in opposition to this request which consisted solely of arguing that the time spent on the case was unnecessarily inflated. In a separate order, Supreme Court directed Capoccia to pay defendants $13,051.99 as a sanction for frivolous conduct. Capoccia appeals from this order.

No appeal was taken from the order which granted summary judgment and imposed the sanction, and none would lie since it was entered on default (see, State Empls. Fed. Credit Union v Starke, 274 AD2d 656). Only the order establishing the amount of the sanction is under review. With respect to that order, Capoccia fails to argue that Supreme Court made any substantive error in making the award. Consequently, we deem that he has abandoned the argument that the hours spent by defendants' counsel were unnecessarily inflated (see, Transamerica Commercial Fin. Corp. v Matthews of Scotia, 178 AD2d 691, 692, n 1).

On the issue of the amount of the sanction, Capoccia's sole argument on appeal is that 22 NYCRR 130-1.2 does not permit the imposition of a sanction in excess of $10,000. First, we observe that this issue was not raised in Supreme Court and is, therefore, not reviewable (see, General Elec. Tech. Servs. Co. v Clinton, 173 AD2d 86, 89, lv denied 79 NY2d 759). Moreover, were we to review it, we would find it without merit since there is no similar limit on the amount that a court may award as costs to a party or attorney in the action (see, Greene v Merchants & Businessmen's Mut. Ins. Co., 259 AD2d 519).

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.