■ CHEVY CHASE, F.S.B., Respondent, v STEVEN SARSFIELD, Defendant. ANDREW F. CAPOCCIA LAW CENTERS, L. L. C., Appellant. [717 NYS2d 777] —Cardona, P. J. Appeal from an order of the Supreme Court (Teresi, J.), entered July 28, 1999 in Albany County, which imposed sanctions on defendant's counsel.

In September 1998, plaintiff commenced this action alleging claims for an account stated and breach of a credit card agreement as a result of outstanding charges of $2,306.94 allegedly made by defendant. Defendant was represented by Andrew F. Capoccia Law Centers, L. L. C. (hereinafter Capoccia), which served an answer with affirmative defenses and counterclaims. Following discovery, plaintiff made a motion for summary judgment. Defendant opposed the motion and withdrew certain affirmative defenses as well as one counterclaim. In its reply papers, plaintiff, *inter alia*, requested that sanctions be imposed upon Capoccia for frivolous conduct.

Supreme Court granted plaintiff's motion and set the matter down for a hearing on the issue of sanctions. The hearing was held during which Capoccia was given an opportunity to be heard. The court determined that Capoccia's conduct was frivolous and, *inter alia*, imposed sanctions of $10,000 resulting in this appeal.

Pursuant to 22 NYCRR part 130, a court has discretion to impose sanctions upon attorneys for frivolous conduct in connection with a civil action or proceeding (*see*, 22 NYCRR 130-1.1 [a]; *Matter of Ashley v Delarm*, 234 AD2d 736). Conduct is considered frivolous, *inter alia*, if "it is completely without

merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1 [c] [1]) or "it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]; *see, Mountain Lion Baseball v Gaiman*, 263 AD2d 636, 639). In its decision on the record, Supreme Court found a complete lack of merit to the legal arguments advanced by Capoccia and the strategy of delay employed by it. The court did not, however, specifically set forth the reasons supporting its determination of the amount awarded for sanctions or why that amount was appropriate as required by 22 NYCRR 130-1.2. Therefore, we remit the matter to Supreme Court to articulate the basis for its determination (*see, McCue v McCue*, 225 AD2d 975, 979). We have considered the other arguments raised on this appeal and find them to be without merit.

Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.