OPINION OF THE COURT
Memorandum.
This current appeal from an order involving an almost 30- *812 year-old unpaid law school loan is “frivolous” within the meaning of 22 NYCRR 130-1.1 (a) and (c). The appeal is “completely without merit in law” and “cannot be supported by a[ny] reasonable argument for an extension, modification or reversal of existing law” as no constitutional question, let alone a substantial one, is directly involved in the order appealed (22 NYCRR 130-1.1 [c] [1]). The appeal is one in a chain of frivolous attempts to seek relief from this Court and is yet another example of appellant’s continued strategy to delay the resolution of the litigation and payment of his student loan (see, 22 NYCRR 130-1.1 [c] [2]). Despite this Court’s prior imposition of sanctions in connection with the same matter (see, Bell v New York Higher Educ. Assistance Corp., 76 NY2d 930, rearg denied 76 NY2d 1015), and an order by Supreme Court enjoining appellant from further litigating this claim, appellant remains undeterred. This abuse of the judicial process supports the imposition of sanctions (see, Maroulis v 64th St. Third Ave. Assocs., 77 NY2d 831; Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway, 76 NY2d 411). In fixing the sanction at $5,000, the Court has taken into account the need to prevent appellant from engaging in further frivolous motion practice in connection with this claim. Accordingly, a sanction in the amount of $5,000 should be imposed upon appellant John B. Bell.
Judges Smith and Graffeo taking no part.
Having concluded deliberation on the question initiated by the Court of Appeals on February 13, 2001, on its own motion, pursuant to 22 NYCRR 130.1-1 (d), the Court imposes sanctions in the amount of $5,000 against appellant John B. Bell, in a memorandum.