■ SUSAN DRUMMOND, Appellant, v KENNETH J. DRUMMOND, Defendant. PHILIP SANDS, Nonparty Appellant; PATRICIA LATZMAN, Nonparty Respondent. [737 NYS2d 628] —In an action for a

divorce and ancillary relief, (1) the plaintiff, Susan Drummond, and her attorney, Philip Sands, appeal from an order of the Supreme Court, Nassau County (Stack, J.), dated August 1, 2000, which directed the plaintiff to pay one half of the Law Guardian's legal fee, and directed a hearing on the issue of whether sanctions should be imposed against them, and (2) Philip Sands appeals from an order of the same court, dated September 7, 2000, which imposed a sanction against him pursuant to 22 NYCRR 130-1.1 and directed that he pay compensation to the Law Guardian for her time spent in defending against a motion.

Ordered that the appeal from so much of the order dated August 1, 2000, as directed a hearing is dismissed, without costs or disbursements (*see, Palma v Palma,* 101 AD2d 812); and it is further,

Ordered that the appeal by Philip Sands from so much of the order dated August 1, 2000, as directed the plaintiff to pay one half of the Law Guardian's legal fee is dismissed, without costs or disbursements, as he is not aggrieved by that portion of the order (*see,* CPLR 5511); and it is further,

Ordered that the order dated August 1, 2000, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated September 7, 2000, is modified by deleting the first decretal paragraph thereof imposing a sanction in the sum of $5,000 upon Philip Sands; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

The plaintiff's contention that her child's court-appointed Law Guardian committed legal malpractice is without merit. The plaintiff did not have an attorney-client relationship with the Law Guardian (*see, Matter of Carballeira v Shumway,* 273 AD2d 753; *Matter of Samuel H.,* 208 AD2d 746; *Matter of Bentley v Bentley,* 86 AD2d 926) and, therefore, did not have standing to assert a direct claim of malpractice against her. In any event, the plaintiff failed to set forth any of the elements of a prima facie case of legal malpractice (*see, Levine v Lacher & Lovell-Taylor,* 256 AD2d 147; *Prudential Ins. Co. of Am. v Dewey, Ballantine, Bushby, Palmer & Wood,* 170 AD2d 108, *affd* 80 NY2d 377; *see also, Davis v Klein,* 88 NY2d 1008; *Maillet v Campbell,* 280 AD2d 526). The plaintiff's contention that 22 NYCRR part 136 is also applicable to a fee dispute with a Law Guardian is equally meritless since the child, and not the parent, is the Law Guardian's client (*see, Villalva v Villalva,*

NYLJ, Apr. 28, 2000, at 30, col 6; *see also, Matter of Carballeira v Shumway, supra; Matter of Samuel H., supra; Matter of Bentley v Bentley, supra*).

The Supreme Court failed to state why it found the amount of the sanction imposed against the plaintiff's attorney, Philip Sands, to be appropriate (*see,* 22 NYCRR 130-1.2; *Haddad v Haddad,* 272 AD2d 371; *Morrison v Morrison,* 246 AD2d 634). Therefore, the matter is remitted to the Supreme Court, Nassau County, to articulate the basis for its determination (*see, Chevy Chase F.S.B. v Sansfield,* 278 AD2d 773). Feuerstein, J.P., McGinity, Luciano and Prudenti, JJ., concur.