■ Susan Drummond, Plaintiff, v Kenneth J. Drummond, Defendant. Philip Sands, Nonparty Appellant; Patricia Latzman, Nonparty Respondent. [759 NYS2d 522] —In an action for a divorce and ancillary relief, Philip Sands, the plaintiff's former attorney, appeals from an order of the Supreme Court, Nassau County (Stack, J.), entered February 15, 2002, which, upon remittitur from this Court, imposed a $5,000 sanction against him pursuant to 22 NYCRR 130-1.1. By decision and order dated February 4, 2002, this Court, inter alia, modified an order of the Supreme Court, Nassau County, dated September 7, 2000, which, among other things, imposed a sanction against the nonparty appellant pursuant to 22 NYCRR 130-1.1, by deleting the provision imposing the sanction, and remitted the matter to the Supreme Court, Nassau County, to articulate the basis for its determination, pursuant to 22 NYCRR 130-1.2 (*see Drummond v Drummond,* 291 AD2d 368 [2002]).

Ordered that the order is affirmed, with costs; and it is further,

Ordered that the nonparty appellant, Philip Sands, and the Law Guardian are directed to show cause why an order should or should not be made and entered imposing such sanctions

and/or costs, if any, against the nonparty appellant pursuant to 22 NYCRR 130-1.1 (c), as this Court may deem appropriate, by each filing an affirmation or affidavit on that issue in the office of the Clerk of this Court and serving one copy of the same on each other on or before June 12, 2003; and it is further,

Ordered that the Clerk of this Court, or his designee, is directed to serve the nonparty appellant and the Law Guardian with a copy of this decision and order.

This appeal arises from a bitterly contested divorce action. The nonparty appellant, Philip Sands, was the attorney for the plaintiff in that action. At the conclusion of that action, the Supreme Court, inter alia, issued an order regarding the custody of the parties' child. The plaintiff's appeal to this Court was dismissed by decision and order on motion of this Court, dated December 21, 2000 (App Div Docket No. 2000-02980), for failure to perfect (see 22 NYCRR 670.8 [c], [e]).

When the Law Guardian subsequently applied for legal fees, the plaintiff, on the advice of her attorney, the nonparty appellant, opposed such an award and cross-moved to compel the Law Guardian to arbitrate her legal fee. In doing so, the plaintiff contended, again on the advice of her attorney, inter alia, that the Law Guardian committed legal malpractice. The plaintiff, once again on the advice of her attorney, also made assertions which were not relevant to the Law Guardian's fee, but would properly have been raised on the appeal from the custody order.

The Supreme Court denied the cross motion and found it to be frivolous within the meaning of 22 NYCRR 130-1.1. The Supreme Court then ordered a hearing on the issue of sanctions. Following that hearing, the court imposed a $5,000 sanction on Sands. However, in that order, the Supreme Court neglected to articulate its reasons for its finding that $5,000 was an appropriate amount for the sanction. Accordingly, on appeal, this Court deleted the imposition of the sanction and remitted the matter to the Supreme Court for it to articulate the basis for its determination that $5,000 was an appropriate sanction (see Drummond v Drummond, supra, 291 AD2d 368 [2002]).

On remittitur, the Supreme Court re-imposed the $5,000 sanction, finding that "(1) the attorney has abused the judicial process; (2) the attorney has caused the unnecessary expense of the court's resources to respond to a wholly frivolous motion, one that is completely without merit in law and which cannot be supported by any reasonable argument; [and] (3) there is a need to prevent the attorney from engaging in further frivolous

motion practice in this or any future matter." These factors are clearly proper for a court to consider in determining the amount to sanction an attorney or a party (*see e.g. Bell v State of New York*, 96 NY2d 811, 812 [2001]).

Prosecution of this appeal may warrant the imposition of sanctions against the nonparty appellant pursuant to 22 NYCRR 130-1.1 (c), and consequently, the nonparty appellant and the Law Guardian are directed to submit affirmations or affidavits to this Court on that issue. Florio, J.P., Crane, Cozier and Rivera, JJ., concur.