In the Matter of WALLACE B.O., Respondent, v CHRISTINE R.S.-O., Appellant. (Appeal No. 1.) [784 NYS2d 447]—

Appeal from an order of the Family Court, Oneida County (Frank S. Cook, J.), entered July 12, 2002 in a proceeding pursuant to Family Ct Act article 6. The order, among other things, awarded expanded visitation to petitioner.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the penultimate paragraph and as modified the order is affirmed without costs and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following Memorandum: Respondent mother appeals, in appeal No. 1, from an order granting petitioner, her former husband, expanded visitation with the parties' son (who is afflicted with Down syndrome), such that petitioner may enjoy overnight

visitation with the child once per month and two week-long, nonconsecutive weeks of vacation with the child in the summer. We agree with Family Court that petitioner established both a change in circumstances (*cf. Matter of Reese v Jones*, 249 AD2d 676, 677 [1998]) and that the increased visitation was in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171-174 [1982]). We modify the order, however, by vacating the penultimate paragraph providing that respondent is responsible for 90% of the law guardian's fee because the court did not articulate the basis for that determination (22 NYCRR 130-1.2), and we remit the matter to Family Court for compliance with 22 NYCRR 130-1.2.

In appeal No. 3, respondent appeals from an order of the same court finding her in civil contempt of that part of the parties' separation agreement (incorporated by reference into the divorce decree) that required her to "consult with the husband regarding all significant decisions about the infant child's education, religious training and medical care; and . . . advise the husband about school/teacher conferences and similar matters so that the husband may participate in such activities if he so wishes." "In order to find that a civil contempt has occurred, it must be determined that the party charged with contempt had knowledge of and disobeyed a lawful order of the court which 'express[ed] an unequivocal mandate' " (*Matter of Beers v Beers*, 220 AD2d 839, 841 [1995]). We agree with respondent that the part of the separation agreement that she was found to have violated is "fatally indefinite and uncertain" (*Wall v dePasquale*, 266 AD2d 388, 389 [1999], *lv dismissed* 94 NY2d 899 [2000]), and thus the motion to punish for contempt must be denied. With respect to the second ordering paragraph of the order in appeal No. 3, however, we conclude that the court properly required respondent to advise the petitioner at all times of the residence of the child including notification of the child's then-current residence and notification within 24 hours of any change in residence, inasmuch as that direction is not in the nature of a contempt penalty (*cf. Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y.*, 70 NY2d 233, 239 [1987]), but is instead in the nature of a clarification (*see Matter of Callanan Indus. v White*, 123 AD2d 56, 58-59 [1986]). We therefore modify the order in appeal No. 3 accordingly. Present—Scudder, J.P., Kehoe, Gorski and Hayes, JJ.