██ MICHAEL A. DWAILEEBE et al., Plaintiffs, v SIX FLAGS DARIEN LAKE, Also Known as DARIEN LAKE THEME PARK AND CAMPING RESORT, INC., et al., Defendants. GERALD W. SCHAFFER, JR., ESQ., Appellant; FRANCIS M. LETRO, ESQ., Respondent. [801 NYS2d 172]—

Appeal from an order of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered January 8, 2004 in a personal injury action. The order, inter alia, imposed sanctions in the amount of $10,000 upon Gerald W. Schaffer, Jr., Esq., and directed him to pay that amount to the Lawyer's Fund for Client Protection.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by vacating the first two ordering paragraphs and as modified the order is affirmed without costs, and the matter is remitted to Supreme Court, Cattaraugus County, for further proceedings in accordance with the following memorandum: Gerald W. Schaffer, Jr., Esq., appeals from an order that, inter alia, imposed $10,000 in sanctions upon him for violations of 22 NYCRR 130-1.1 (c) (2) and (3) and directed him to pay that amount to the Lawyer's Fund for Client Protection. Although Supreme Court adequately set forth "the conduct on which the . . . imposition is based . . . [and] the reasons why the court found the conduct to be frivolous," we agree with Schaffer that the court failed to set forth "the reasons why the court found the amount . . . imposed to be appropriate" (22 NYCRR 130-1.2; see *Drummond v Drummond*, 291 AD2d 368, 370 [2002]; *Day v NYP Holdings*, 290

AD2d 342, 343 [2002]; *Chevy Chase, F.S.B. v Sarsfield*, 278 AD2d 773, 774 [2000]; *McCue v McCue*, 225 AD2d 975, 979 [1996]). We therefore modify the order accordingly, and we remit the matter to Supreme Court to comply with 22 NYCRR 130-1.2 (*see generally Matter of Wallace B.O. v Christine R.S.-O.*, 12 AD3d 1057, 1058). Present—Hurlbutt, J.P., Gorski, Pine and Hayes, JJ.