OPINION OF THE COURT
Larry M. Himelein, J.
*959 Plaintiffs Michael and Jocelyn Dwaileebe, represented by attorney Francis M. Letro, commenced an action against defendants Six Flags Darien Lake and Intamin Limited, claiming that Michael Dwaileebe was thrown from a ride at Darien Lake that had been built by Intamin. While the case was pending, the Dwaileebes discharged Letro and hired Gerald W Schaffer, Jr., of the (then) firm of Cellino and Barnes.
On April 29, 2003, Schaffer moved to compel Letro to turn over plaintiffs’ file and alleged that Letro had been discharged for cause. On May 8, 2003, Letro denied the discharge for cause claim and cross-moved for a retaining lien, attorney’s fees, costs and sanctions. Schaffer filed no papers in opposition to the cross motion.
On May 15, 2003, the return day of Schaffer’s motion, Schaffer insisted on a hearing in which to litigate the discharge for cause allegation. When the attorneys predicted that the hearing would take three days, the court set aside July 30, July 31, and August 1, 2003. On July 29, 2003, Schaffer attempted to phone Letro but Letro refused to take the call. When the attorneys appeared the next day, Schaffer withdrew the discharge for cause claim, but Letro went forward with proof on his cross motion.
After the hearing, the court wrote a decision finding that Schaffer deliberately made false claims against Letro to force Letro to withdraw his application for a lien or to take a reduced fee. The court found false the claims that Letro improperly disclosed details of plaintiffs’ case to James Dwaileebe; that Letro did not return calls; that Letro did not disclose the fee arrangement; that Letro failed to sue the manufacturer; and that Letro failed to assist an “investor” (see Dwaileebe v Six Flags Darien Lake, unpublished decision, Sup Ct, Cattaraugus County, Nov. 5, 2003). The court further found that Schaffer made false material factual statements with the intent to harass or maliciously injure Letro by forcing him to accept no fee or a lesser fee and sanctioned Schaffer $10,000 for that conduct. An order reflecting that decision was thereafter entered.
On September 30, 2005, the Appellate Division modified that order by vacating the first two ordering paragraphs and remitting for this court to set forth the reasons the amount of the sanction was appropriate (see Dwaileebe v Six Flags Darien Lake, 21 AD3d 1282 [4th Dept 2005]). This court then asked the parties if they wished to be heard and they appeared on January 27, 2006 to argue their respective positions.
Initially, the court notes that Letro requested a sanction for each separate false and malicious statement made about him as *960 well as fees for his time and that of his staff. The court seriously considered that option but ultimately rejected it in favor of one global sanction to cover the various false claims about Letro and the waste of court resources required by that conduct.
Turning to the reasons the court imposed a $10,000 sanction, the court cannot emphasize enough its revulsion at one attorney slandering another to avoid sharing a fee. To make these allegations against another attorney, and have the allegations disproved at a hearing, warrants a severe sanction. Long before the date of the hearing, Schaffer knew or should have known that these allegations were false. For example, at least one of the allegations (that Letro failed to sue the manufacturer) was refuted by the simple act of reading the caption on the pleadings.
The false allegations made by Schaffer abused the judicial process (see Drummond v Drummond, 305 AD2d 450 [2d Dept 2003], lv denied 1 NY3d 504 [2003]). The court blocked three days because Schaffer insisted on a discharge for cause hearing. For Schaffer to come to court the day the hearing was scheduled, more than two months after it was scheduled, and withdraw the discharge for cause claim (in the court’s opinion only because Schaffer knew the claims could not be established), warrants far more than a nominal sanction to discourage this type of conduct in the future.
Accordingly, as in Drummond, it was Schaffer who abused the judicial process, caused the court to schedule a hearing on allegations that could never be sustained, and who must be prevented from engaging in this kind of conduct in the future. Further, it was clear that this case would result in a substantial fee and a nominal sanction would be woefully insufficient to prevent similar conduct in the future. For all these reasons, the court believes the sanction of $10,000 to be warranted; indeed, after the research the court has done on these types of cases, if this court were starting anew, the sanction would probably be higher and might include counsel fees.
A review of other cases is illustrative. Sanctions of $10,000 were imposed for pursuing frivolous appeals in Liker v Grossman (175 AD2d 911 [2d Dept 1991]), Matter of Sommer v Harrington (201 AD2d 570 [2d Dept 1994]), Chu v Green Point Sav. Bank (218 AD2d 781 [2d Dept 1995]), and Weinstock v Weinstock (253 AD2d 873 [2d Dept 1998] [costs of $3,000 in addition to the $10,000 sanction]). This court views pursuing a frivolous appeal as much less onerous than slandering another attorney in order to avoid sharing a fee.
*961 In Puderbaugh v State Empls. Fed. Credit Union (276 AD2d 992 [3d Dept 2000]), the Court went beyond the $10,000 by ordering $13,051.99 in costs and fees for bringing a meritless action. In United Capital Corp. v 183 Lorraine St. Assoc. (274 AD2d 575 [2d Dept 2000]), a sanction of $10,000 was imposed simply because a party lacked standing to assert its claims. In Bank of Smithtown v Boglino (259 AD2d 574 [2d Dept 1999]), sanctions and attorney’s fees of $16,631.25 were directed for frivolous conduct. In Wasson v Mendik (253 AD2d 711 [1st Dept 1998]), a sanction of $10,000 was imposed for proceeding to jury selection while intending not to proceed to trial. In Public Adm’r v Doyle (243 AD2d 454 [2d Dept 1997]), a sanction of $10,000 was imposed on an attorney who continued an appeal without authorization after his client had died.
While the conduct in all of these cases was onerous, in none of the cited cases was the sanctioned conduct as heinous as Schaffer’s conduct here. Further, the conduct in this case was personal and individually directed at the reputation of another attorney. Accordingly, the court adheres to the amount of the original sanction.