■ LARRY POUNCY, Appellant, v JASON L. SOLOTAROFF et al., Respondents. [953 NYS2d 497]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 12, 2011, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs. Order, same court and Justice, also entered May 12, 2011, which dismissed as moot plaintiff's motion for a default judgment, unanimously affirmed, without costs.

Upon defendants' motion, the IAS court tolled the time to answer or move in response to the complaint, and defendants submitted their motion to dismiss by the date ordered. As a result, defendants did not default in responding to the complaint, even though they responded after the original deadline (*see DiPietro v Seth Rotter, P.C.*, 267 AD2d 1, 2 [1st Dept 1999]).

The IAS court properly dismissed plaintiff's claim for legal malpractice, as the complaint failed to state a claim for that cause of action. Rather, plaintiff's complaint amounts "to no more than retrospective complaints about the outcome of defendant[s'] strategic choices and tactics," with no demonstration that those choices and tactics were unreasonable (*Rodriguez v Fredericks*, 213 AD2d 176, 178 [1st Dept 1995], *lv denied* 85 NY2d 812 [1995]). In any event, plaintiff's claims are barred by the doctrine of collateral estoppel (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]; *Wray v Mallilo & Grossman*, 54 AD3d 328, 329 [2d Dept 2008]).

We have considered plaintiff's remaining contentions and find

them unavailing. Concur—Andrias, J.P., Saxe, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ.