Divito v Fiandach (2018 NY Slip Op 02950)





Divito v Fiandach


2018 NY Slip Op 02950


Decided on April 27, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


314 CA 17-00725

[*1]STEPHEN T. DIVITO, PLAINTIFF-APPELLANT,
v
EDWARD L. FIANDACH, DEFENDANT-RESPONDENT. (APPEAL NO. 2.) 






STEPHEN T. DIVITO, PLAINTIFF-APPELLANT PRO SE.
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Monroe County (Renee Forgensi Minarik, A.J.), entered December 2, 2016. The order granted the motion of defendant to vacate an income execution, vacated the income execution, precluded plaintiff from pursuing enforcement proceedings, determined the conduct of plaintiff to be frivolous, and awarded costs and attorney's fees to defendant. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed with costs.
Memorandum: Plaintiff, a pro se prison inmate, was previously represented by defendant, an attorney, in connection with charges of aggravated vehicular homicide (Penal Law § 125.14). After pleading guilty to reduced charges in exchange for an indeterminate prison term of 5 to 15 years, plaintiff commenced this action to recover the full amount of the $125,000 retainer. While the action was pending, plaintiff served on the Monroe County Sheriff an income execution falsely stating that a default judgment had been entered against defendant in the amount of $136,500. Thereafter, the Sheriff delivered to defendant's law firm a letter demanding payment of $150,480.92 within 30 days. Plaintiff appeals from an order that, inter alia, granted defendant's motion seeking, among other relief, to vacate the income execution on the ground that there was no default judgment against him.
Contrary to plaintiff's initial contention, defendant was not in default in the action because plaintiff never effectuated proper service upon him. Plaintiff attempted personal service pursuant to CPLR 308 (2) by delivering a copy of the summons and complaint to a person of suitable age and discretion at defendant's workplace and by mailing a copy to his workplace. Plaintiff did not, however, file proof of service in the Monroe County Clerk's Office within 20 days of the delivery or mailing (see CPLR 308 [2]), and he never applied to the court for leave to file a late proof of service (see generally Discover Bank v Eschwege, 71 AD3d 1413, 1414 [4th Dept 2010]). As a result, plaintiff's subsequent late filing of the proof of service was a nullity (see Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 750-751 [2d Dept 2014], lv dismissed 24 NY3d 990 [2014]). Personal service of the summons was not deemed to have occurred until March 14, 2016, when defendant's attorney filed a notice of appearance (see CPLR 320 [b]). Defendant had 20 days from that date to serve an answer or a motion to dismiss (see CPLR 3012 [a]), to avoid being in default (see CPLR 3215 [a]). Defendant's motion to dismiss the complaint pursuant to CPLR 3211 was made 18 days later, and thus he never defaulted in the action (see generally DiPietro v Seth Rotter, P.C., 267 AD2d 1, 2 [1st Dept 1999]).
We reject plaintiff's contention that Supreme Court abused its discretion in finding his conduct to be frivolous and thus in awarding defendant costs and attorney's fees in connection with the motion to vacate the income execution. The court has the discretion to award any party "costs . . . and reasonable attorney's fees, resulting from frivolous conduct" (22 NYCRR 130-1.1 [*2][a]), including conduct "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]). Among the factors to be considered is whether plaintiff continued his conduct when it became apparent that it was frivolous, or when such was brought to his attention (see 22 NYCRR 130-1.1 [c]; Boye v Rubin & Bailin, LLP, 152 AD3d 1, 11 [1st Dept 2017]). It is well established that a party's abuse of the judicial process is frivolous conduct supporting an award of costs or the imposition of sanctions (see Bell v State of New York, 96 NY2d 811, 812 [2001]; Drummond v Drummond, 305 AD2d 450, 451-452 [2d Dept 2003], lv denied 1 NY3d 504 [2003]), and an award of costs and attorney's fees in connection with a motion is appropriate where the relief sought in the motion is to vacate a frivolous income execution (see Cunningham v Cunningham, 169 AD2d 451, 451 [1st Dept 1991]).
Here, the court properly exercised its discretion in finding that service of the income execution was made for the purpose of harassing defendant and thus constituted frivolous conduct. There was no arguably legitimate basis for the income execution because defendant was not in default and no default judgment had been entered against him. Significantly, defendant's attorney brought the issue of deficient personal service to plaintiff's attention in his affidavit in support of the motion to dismiss the complaint. Plaintiff opposed that motion on its merits, submitted numerous affidavits in opposition, and even made motions of his own, including a motion to disqualify defendant's attorney (see Divito v Fiandach [appeal No. 1], — AD3d &mdash, — [Apr. 27, 2018] [4th Dept 2018]). Months later, with the various motions pending and without a default judgment having been entered, plaintiff served the income execution.
We also reject plaintiff's various procedural challenges. The record belies his contention that the court erred in making the award sua sponte without affording him an opportunity to be heard (see 22 NYCRR 130-1.1 [d]). Defendant's motion explicitly sought an award of costs and attorney's fees resulting from plaintiff's frivolous conduct, and plaintiff had an opportunity to respond to that motion. Furthermore, contrary to plaintiff's contention, the court issued a written decision explicitly "setting forth the conduct on which the award . . . [was] based, [and] the reasons why the court found the conduct to be frivolous" (22 NYCRR 130-1.2). The decision also adequately explained why the amount of the award was appropriate (see generally Liang v Wei Ji, 155 AD3d 1018, 1020 [2d Dept 2017]). We conclude that it is self-evident that the cost of vacating an income execution based upon false representations concerning a nonexistent default judgment should be shouldered by the party responsible for preparing and serving it.
Finally, we decline to disturb that part of the order requiring leave of court for any future filings by plaintiff in this action. It is well established that the court has "inherent authority" to preserve the integrity of the judicial process (Matter of County of Broome [New York State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO], 80 AD3d 1047, 1049 [3d Dept 2011]; see Myung Chun v North Am. Mtge. Co., 285 AD2d 42, 46 [1st Dept 2001]), and we conclude that the court acted appropriately in taking reasonable measures to curtail plaintiff's abuse of process.
Entered: April 27, 2018
Mark W. Bennett
Clerk of the Court