FRIGIDAIRE DIVISION, GENERAL MOTORS CORPORATION, Appellant, v. SUNSET APPLIANCE STORES, INC., Respondent.— Order, Supreme Court, New York County, entered May 30, 1973, referring the issue of whether defendant intended to violate an injunction forbidding sales below the fair-trade price to a Special Referee to hear and report, reversed, on the law, without costs or disbursements, and the motion to punish for contempt granted and the matter remanded to the Supreme Court for assessment of an appropriate fine pursuant to section 773 of the Judiciary Law. Consent judgment enjoining defendant from continuing to sell fair-traded Frigidaire refrigerators for less than the minimum established pursuant to section 369-a *et seq.* of the General Business Law was entered on August 25, 1972. A sale having thereafter been made for less than the fair-traded price, plaintiff brought the instant motion to hold defendant in civil contempt. Defendant submitted in opposition to the motion an affidavit of its president which asserts that though there had been a proscribed sale, it was due to the mistake of a part-time salesman. Initially, it is noted that the affidavit of defendant's president is imbued in critical respects with hearsay and should have been buttressed by an affidavit from the salesman who made the sale, indicating the conditions surrounding the sale. Under such circumstances, no issue of fact has been raised which would warrant the reference directed (see *General Elec. Co.* v. *Golden Rule Appliance Co.*, 3 A D 2d 436). Further, "the sole difference between civil and criminal contempt is that willful disobedience is criminal contempt, while mere disobedience whereby the rights of the party to the action are defeated or hindered is civil contempt" (9 N. Y. Jur., Contempt, § 1). Accordingly, on this record, the proffered defense of mistake is insufficient as a matter of law. Concur — Nunez, J. P., Lupiano and Lane, JJ.; Kupferman, J., dissents in the following memorandum: In his Sixteenth Annual Review (1963) of "Recent Antitrust Developments", Professor Milton Handler stated as follows: "In a national economy such as ours, with fair trade statutes constitutionally inoperative against nonsigners in twenty states,[122] with six states having no such laws at all,[123] and with the interstate mail order loophole permitting avoidance of fair trade restrictions by having title pass in a non-fair trade jurisdiction,[124] vertical price control is largely ineffectual. And whatever

efficacy might otherwise remain has been undermined by a jesuitical construction of both the federal and state laws." (See Twenty-Five Years of Antitrust by Milton Handler [1973], vol. 1, p. 517.) Recently, in two cases Judges of this court expressed doubt as to the efficacy of Fair Trade Laws. (*Westinghouse Elec. Corp.* v. *Jamaica Gas & Elec. Co.*, 44 A D 2d 515; *Sony Corp. of Amer.* v. *Jones & Sons*, 44 A D 2d 517.) Under the circumstances, the court at Special Term was quite justified in seeking to ascertain by reference whether there was an intentional violation. To suggest that the affidavit of the president of the defendant is insufficient to raise an issue, is to ignore reality.