■ GREAT NECK PENNYSAVER, INC., et al., Appellants, v CENTRAL NASSAU PUBLICATIONS, INC., et al., Respondents.—In an action in which a judgment was entered July 20, 1972, *inter alia,* enjoining defendants from using the word "Pennysaver" in certain publications, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated September 23, 1977, which denied their application to adjudge defendants to be in contempt of court for violating and disobeying the terms of the judgment. Order reversed, with $50 costs and disbursements, and action remanded to Special Term for a hearing in accordance herewith. The parties are business competitors. They publish and distribute weekly classified advertising publications in various areas of Queens and Nassau Counties. The plaintiffs brought this motion to punish the defendants for civil contempt for violating that part of a judgment which permanently enjoined and restrained the defendants "from using the word 'Pennysaver': (1) in their publications in the Great Neck and Port Washington-Manhasset areas, presently known as the 'Great Neck Shopper' and the 'Port Washington-Manhasset Shopper'; (2) in soliciting advertising for said publications; (3) on their stationery, invoices, bill heads and/or other material relating to the conduct of their business and the publishing and distribution of their publications in said areas". The plaintiffs' order to show cause was accompanied by a lengthy affidavit which sought to detail how the defendants frequently used the word "Pennysaver" contrary to the provisions of the judgment. In opposition, the defendants submitted a similarly extensive affidavit in which they sought to explain each alleged violation. Without conducting a hearing, Special Term denied the plaintiffs' application on the ground that the papers "do not establish a deliberate violation of the terms of the judgment". We agree with the plaintiffs' contention that, in the circumstances of this case, it was improper to deny the motion without conducting a hearing. Pursuant to section 753 (subd A, par 3) of the Judiciary Law, a court may invoke its power to punish for civil contempt whenever the rights or remedies of a party to a civil action may be defeated, impaired, impeded or prejudiced by any disobedience to a lawful mandate of the court. It is not necessary that such disobedience be deliberate; rather, the mere act of disobedience, regardless of its motive, is sufficient to sustain a finding of

civil contempt if such disobedience defeats, impairs, impedes or prejudices the rights of a party (see *Frigidaire Div., Gen. Motors Corp. v Sunset Appliance Stores,* 46 AD2d 616). In the instant case, although some of the alleged violations are palpably without merit, others present equally clear violations of the prior judgment. The defendants' explanation that such violations resulted from inadvertence and mistake and were no more than *de minimis* violations, does not satisfactorily defeat the plaintiffs' prima facie showing of disobedience. Certainly, the contention that the violations were *de minimis* is relevant to a determination of the extent to which the plaintiffs' rights have been defeated, impaired, impeded or prejudiced. However, the papers indicate that several customers have already been confused and misled by the improper use of the word "Pennysaver". Due to the high degree of competition between the parties, and the great potential for abuse resulting in substantial confusion, it is quite possible that even a seeming *de minimis* violation of the judgment will result in significant damage. Therefore, the issue of whether the defendants have disobeyed the judgment so as to defeat, impair, impede or prejudice the rights of the plaintiffs to such an extent as to properly invoke the remedy of civil contempt, should not have been decided without a hearing. Damiani, J. P., Titone, Rabin and Margett, JJ., concur.