■ In the Matter of the PLANNING BOARD OF THE TOWN OF NORTH ELBA et al., Respondents, v ZONING BOARD OF APPEALS OF THE TOWN OF NORTH ELBA et al., Respondents, and WOLFGANG SCHACHENMAYR, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered December 10, 1979 in Essex County, which adjudged respondent Schachenmayr to be in civil contempt of an order previously issued by the court and imposed a fine of $1,775.25 and, additionally, sentenced said respondent to a term of imprisonment for a period of six months. The facts on which the violations were based arose out of the building of two one-family dwellings on adjoining lots by the respondent and his brother. There were objections to both constructions because of side-lot violations which the brothers attempted to resolve by deeding their respective lots to each other. The town and its planning board appealed a determination of the zoning board of appeals, contending that the zoning board of appeals did not have jurisdiction in the circumstances according to a local law and demanding that the determina-

tion made by the zoning board of appeals be vacated. It was while these proceedings were pending unresolved that Special Term issued an order to show cause on October 9, 1979, containing the following restraining provisions which ordered that "the respondent Wolfgang Schachenmayr be and he hereby is stayed, enjoined and restrained from any further construction or building upon his real property located on Mirror Lake Drive in the Town of North Elba, County of Essex, State of New York." On November 20, 1979, the respondent was ordered to show cause why he should not be held in civil and criminal contempt of court for violating (on Nov. 17 and 18, 1979) the above-quoted provisions of the order. At the hearing the petitioners withdrew the application for criminal contempt. The order of October 9, 1979 was clear and the proof offered at the hearing sustained the determination of Special Term that the respondent Schachenmayr violated its provisions and, therefore, disobeyed a lawful mandate of the court (Judiciary Law, § 753, subd A, par 3) and was guilty of civil contempt by "conduct [that] was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies" of the complaint in a pending civil proceeding (*Matter of Morris Cramer Bowling v Cramer,* 38 AD2d 774; see, also, *Great Neck Pennysaver v Central Nassau Pub.,* 65 AD2d 616). The punishment imposed on the civil contempt found was punitive and, therefore, an abuse of judicial discretion, and for that reason must be vacated and set aside in its entirety. Section 773 of the Judiciary Law, as amended in 1977, which substituted the words that a fine "may be imposed" for the words "must be imposed" (as the section originally read) where it has not been shown that an actual loss or injury has been caused (L 1977, ch 437, § 8). The obvious result of the amendment was to make the amount of the fine permissive rather than mandatory and in amount not exceeding the amount of the complainant's costs and expenses and $250 in addition thereto. Inasmuch as no actual loss or injury to the complainant was proven herein as the result of the contempt found, the respondent should be fined $500, representing the reasonable amount of the attorney's fees incurred by the petitioner, plus $250, for a total of $750 fine; and the jail sentence of six months, 10 days of which have already actually been served, is vacated as punitive and an abuse of discretion in the circumstances. The fine imposed should be collected in accordance with section 773 of the Judiciary Law. Order modified, on the law and the facts, by deleting so much thereof as imposed a period of imprisonment upon respondent Schachenmayr and by reducing the total fine imposed to $750, and as so modified, affirmed, without costs. Mahoney, P. J., Greenblott, Mikoll and Casey, JJ., concur; Main, J., not taking part.