■ STANLEY YALKOWSKY, Appellant, v DEANNE YALKOWSKY, Defendant. IRVING BANK CORPORATION et al., Respondents. — In a matrimonial action, plaintiff husband appeals from an order of the Supreme Court, Westchester County (Walsh, J.), dated October 15, 1981, which denied his motion (1) to adjudge nonparty respondents, Scarsdale National Bank, the Irving Bank Corporation, and certain named individuals in contempt for failure to comply with subpoenas duces tecum, (2) to require that Scarsdale National Bank provide an affidavit reciting what information had been furnished pursuant to the subpoenas in question, what information cannot be found, what information it refuses to furnish and what information it is willing to furnish, and (3) to compel Scarsdale National Bank and Irving Bank Corporation to comply with all the subpoenas served upon them. Order modified, on the law, by deleting the provision denying the motion with respect to respondent Scarsdale National Bank and substituting therefor a provision granting the second branch thereof requiring it to provide an affidavit concerning the subpoenaed documents. As so modified, order affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for a hearing on the first and third branches of plaintiff's motion in accordance herewith, to be held after service upon plaintiff of the affidavit on behalf of respondent Scarsdale National Bank concerning the subpoenaed information, which affidavit shall be served within 30 days after service upon said bank of a copy of the order to be made hereon, with notice of entry. In order to locate assets of defendant, the former wife of the plaintiff, which plaintiff alleges were secreted in accounts in Scarsdale National Bank (hereinafter Scarsdale Bank),

in her name and in the name of another individual, Americo Napolitano, and the companies Napolitano owned, plaintiff served a series of nine subpoenas duces tecum, beginning in May, 1979, on Scarsdale Bank and various officers and employees of that bank. Respondent Scarsdale Bank produced a series of documents relating to the accounts about which plaintiff sought information. Plaintiff alleged, however, that important documents were missing from the items produced by the bank and, by order to show cause dated September 4, 1981, moved, *inter alia,* to punish it and its parent corporation, respondent, Irving Bank Corporation (hereinafter Irving Bank), for contempt. In denying the motion, Special Term erroneously stated that there must be a willful refusal to comply with a court order before a party may be adjudged to be in civil contempt. Intent or willfulness is not required to hold a party in contempt for disobeying a court order or subpoena (see *Aspira of N. Y. v Board of Educ.,* 423 F Supp 647, 654; *Lasky v Quinlan,* 419 F Supp 799, 807; *Matter of Sentry Armored Courier Corp. v New York City Off-Track Betting Corp.,* 75 AD2d 344; *Great Neck Pennysaver v Central Nassau Pubs.,* 65 AD2d 616). In order to hold a party in civil contempt for disobeying a subpoena, "[i]t is not necessary that such disobedience be deliberate; rather the mere act of disobedience, regardless of its motive, is sufficient to sustain a finding of civil contempt if such disobedience defeats, impairs, impedes or prejudices the rights of a party" (*Great Neck Pennysaver v Central Nassau Pubs., supra,* pp 616-617; see, also, Judiciary Law, § 753, subd A). The party making the application for a civil contempt citation, in this case plaintiff, has the over-all burden of proof to establish, by clear and convincing evidence, that the court order or subpoena has been violated (see *Hart, Schaffner & Marx v Alexander's Dept. Stores,* 341 F2d 101, 102; *Stringfellow v Haines,* 309 F2d 910, 912). Where a subpoena duces tecum is alleged to have been violated, as in the instant case, the applicant must show that the party from whom the documents were sought had the ability to produce them (see *Sigety v Abrams,* 632 F2d 969, 975). The party seeking the contempt citation may demonstrate that the other party has the ability to produce the requested documents by means of an "inference of continuing possession" which "may be properly drawn in a case involving books and records known to be in the possession of a subpoenaed witness shortly before the issuance of a subpoena demanding their production" (*Sigety v Abrams, supra,* p 974). In the instant case, although there is no evidence as to when the documents which respondent Scarsdale Bank stated were missing disappeared, it is certainly true that the bank must, at one time, have had documents in its possession relating to its accounts. Therefore, plaintiff can take advantage of the inference of continuing possession to satisfy his initial burden and to shift the burden to respondent Scarsdale Bank. When the applicant has satisfied his initial burden of going forward, the burden shifts to the party opposing the motion to hold it in contempt to rebut the inference of continuing possession by providing a "reasonable explanation for * * * noncompliance" (*Sigety v Abrams, supra,* p 974; see, also, CPLR 2308, subd [a]). Respondent Scarsdale Bank contends that it has been in substantial compliance with plaintiff's subpoenas, as modified by an oral agreement between the attorneys for the parties made in August, 1979. Although courts have been reluctant to issue a civil contempt citation against a party which has acted with good faith and diligence in responding to the requests contained in the subpoena (see *Aspira of N. Y. v Board of Educ., supra,* p 654; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2308.09), we note that respondent Scarsdale Bank has offered no explanation as to what efforts it made to obtain the information which it claimed was missing, while the information on other accounts could be located. For that reason, and the additional fact that the

requests made by plaintiff's subpoenas are broad and overlapping and there are some discrepancies as to which documents respondent Scarsdale Bank has produced and which documents are still missing, Special Term should not have denied plaintiff's application to hold respondent Scarsdale Bank in contempt without a hearing (see *Great Neck Pennysaver v Central Nassau Pubs.*, 65 AD2d 616, *supra*). Additionally, although respondent Scarsdale Bank contends that its disobedience of the subpoenas was *de minimis*, it is quite possible that the fact that the documents in question are missing may have impaired, impeded or prejudiced plaintiff's efforts to locate assets allegedly hidden by his former wife (see *Great Neck Pennysaver v Central Nassau Pubs.*, *supra*, p 617; Judiciary Law, § 753, subd A). Prior to the hearing, respondent Scarsdale Bank shall prepare an affidavit and serve the same upon plaintiff listing the specific information that it has produced in response to all nine subpoenas served on it by plaintiff, what information cannot be found, what information it refuses to furnish and what information it is willing to furnish. Gibbons, J. P., Thompson, Bracken and Niehoff, JJ., concur.