■ DIANA D. DUBROFF, Appellant, v NORYCH & TALLIS et al., Defendants, and RONALD COHEN, Nonparty Respondent. [632 NYS2d 165] —In an action to recover damages for legal malpractice, in which the nonparty respondent Ronald Cohen moved for leave to withdraw as the plaintiff's attorney and to recover legal fees, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Kings County (Vinik, J.), dated August 17, 1992 (Appellate Division No. 92-08686), as granted the application of the nonparty respondent Ronald Cohen to withdraw as her attorney, and granted him a retaining lien in the amount of $2,500, (2) so much of an order of the same court, dated February 3, 1993 (Appellate Division No. 93-02357), as denied her motion, denominated as one for renewal or reargument of the application determined by the order dated August 17, 1992, and granted the nonparty respondent's motion for the imposition of costs against her in the sum of $2,000 for frivolous motion practice, (3) so much of an order of the same court, dated April 2, 1993 (Appellate Division No. 93-03329), as granted the nonparty respondent's cross motion to permanently restrain her from making any further motions relating to him without the court's prior permission, (4) so much of an order of the same court, dated December 1, 1993 (Appellate Division No. 93-09398) as, *inter alia*, granted the nonparty respondent's motion to adjudicate the plaintiff in civil contempt for failing to submit to an examination as a judgment debtor, (5) so much of an order of that same court, dated May 2, 1994 (Appellate Division No. 94-04706) as granted that branch of the nonparty respondent's motion which was to convert his $2,500 retaining lien to a judgment, and (6) a judgment of the same court, dated June 16, 1993 (Appellate Division No. 93-04261), awarding the nonparty respondent $2,000 in costs.

Ordered that the appeals from the orders dated August 17, 1992, and May 2, 1994, are dismissed as superseded by a judgment in this action dated May 23, 1994; and it is further,

Ordered that the appeal from the order dated February 3, 1993, is dismissed as superseded by judgments dated June 16, 1993, and May 23, 1994; and it is further,

Ordered that the appeal from the order dated April 2, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated December 1, 1993, is affirmed insofar as appealed from; and it is further,

Ordered that the judgment dated June 16, 1993, is affirmed for reasons stated by Justice Vinik at the Supreme Court; and it is further,

Ordered that the nonparty respondent is awarded one bill of costs.

We note that by decision and order of this Court dated January 5, 1995, the plaintiff's appeal from a judgment of the Supreme Court, Kings County, dated May 23, 1994, was dismissed for failure to timely perfect the appeal in accordance with the rules of this Court. Thereafter, by order dated August 4, 1995, this Court held that any issues raised by the plaintiff on the instant appeals which relate to the judgment dated May 23, 1994, would not be considered.

The court did not improvidently exercise its discretion in permanently restraining the plaintiff from making any further motions relating to the nonparty respondent without the court's prior permission.

Nor did the court err in adjudicating the plaintiff in civil contempt for her failure to submit to an examination as a judgment debtor (see, Great Neck Pennysaver v Central Nassau Publs., 65 AD2d 616).

The parties' remaining contentions are without merit. Altman, J. P., Hart, Friedmann and Krausman, JJ., concur.