JOAN M. WELLS, Respondent, v RONALD C. WELLS, Appellant. [662 NYS2d 892] —Order unanimously affirmed without costs. Memorandum: We reject the contention of defendant that Supreme Court erred in summarily denying his cross motion for a downward modification of maintenance. The conclusory and unsubstantiated allegations of defendant that there is a substantial change of circumstances based on plaintiff's increase in income and his early retirement do not require a hearing (see, Martin v Martin, 194 AD2d 769, 770; Schnoor v Schnoor, 189 AD2d 809, 810; Nordhauser v Nordhauser, 130 AD2d 561, 562). At the time of the divorce, plaintiff was a housewife who had not worked outside of the home during the marriage. Defendant failed to demonstrate that plaintiff's subsequent increase in income was unanticipated. In addition, defendant submitted no proof, other than his unsubstantiated allegations, that he was compelled to take an early retirement at age 62, rather than at the age of 65 as allegedly contemplated at the time of the divorce (see, Martin v Martin, supra, at 770). Thus, the court properly determined that no hearing was necessary and properly denied the cross motion (see, Domestic Relations Law § 236 [B] [9] [b]; McCarthy v McCarthy, 214 AD2d 1000, 1001; Stempler v Stempler, 200 AD2d 733, 734). (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Maintenance.) Present—Green, J. P., Pine, Doerr, Balio and Fallon, JJ.

 LEONARD C. SPANO, as Administrator of the Estate of MARK A. SPANO, Deceased, Appellant, v ROBERT L. RILEY et al., Defendants, and MACKENZIE SMITH MICHELL & HUGHES LAW FIRM et al., Respondents. (Appeal No. 1.) [665 NYS2d 364] —Order and judgment unanimously affirmed without costs. Memorandum: Supreme Court properly granted the motions of defendants to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7) and properly denied plaintiff's motions for a change of venue and leave to amend the complaint. The court did not improvidently exercise its discretion in enjoining plaintiff from instituting further actions or proceedings as a pro se litigant without obtaining prior judicial approval (see, Dubroff v Norych & Tallis, 220 AD2d 480, 481; Spremo v Babchik, 216 AD2d 382, lv denied 86 NY2d 709, cert denied 516 US 1161). (Appeal from Order and Judgment of Supreme Court, Onondaga County, Major, J.—Dismiss Complaint.) Present—Green, J. P., Pine, Doerr, Balio and Fallon, JJ.