■ JENNIFER CANGRO, Appellant, v FRANK F. CANGRO, Defendant. BARBARA B. SOBAL, Nonparty Respondent. [665 NYS2d 321] —In an action for a divorce and ancillary relief, in which one of the issues is a fee dispute between the plaintiff wife and her former attorney Barbara Bevando Sobal, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Marrero, J.), dated January 3, 1996, as denied her motion, *inter alia*, to "review and rehear" a fee dispute which was the subject of an arbitration award confirmed by an order of the same court entered October 18, 1995, and granted the cross motion of Barbara Bevando Sobal, *inter alia*, to enjoin her from commencing any further *pro se* actions or proceedings against Sobal without prior court approval, and directed her to pay costs of $1,500 to Sobal in connection with the motion to "review and rehear" the fee dispute.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The court properly denied the plaintiff's motion to review the fee dispute between her and her former counsel, Barbara Bevando Sobal. The plaintiff's allegations failed to establish grounds upon which an arbitration award may be vacated (*see,* CPLR 7511 [b]; *Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 154-155). Furthermore, in view of the frivolous nature of the plaintiff's motion, the award of costs to Sobal in the form of attorney's fees was appropriate (*see,* 22 NYCRR 130-1.1 [a]; *Matter of Minister, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway*, 76 NY2d 411), and Sobal provided sufficient proof of her reasonable costs to justify the amount awarded.

The record supports the court's determination that the plaintiff obtain its approval before commencing any other *pro se* proceedings against Sobal (*see, Dubroff v Norych & Tallis*, 220 AD2d 480).

We have considered the plaintiff's remaining contention and

find it to be without merit. O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.