■ YESHIVA TIFFERES TORAH, Appellant, v KESHER INTERNA-
TIONAL TRADING CORP. et al., Respondents. [667 NYS2d 759] —In
an action to recover the proceeds of a promissory note, in which
a judgment in favor of the plaintiff and against the defendants
was entered in the Supreme Court, Kings County (De Matteo,
J.H.O.), on October 29, 1992, the plaintiff appeals from an or-
der of the same court (Held, J.), dated August 20, 1997, which
(1) denied its motion to hold the defendant David Kahan and
nonparty witnesses Edith Kahan and Sara Kahan in contempt
for failure to comply with deposition subpoenas, and (2)
granted, in part, the cross motion by the defendant David Ka-
han to quash or modify the subpoenas. The plaintiff's notice of
appeal from a decision dated January 15, 1997, is deemed a
premature notice of appeal from the order (see, CPLR 5520 [c]).

Ordered that the order is modified by (1) deleting therefrom
the first decretal paragraph and substituting therefor a provi-
sion granting the motion to the extent that the defendant Da-
vid Kahan is held in contempt, and otherwise denying the
plaintiff's motion; and (2) deleting therefrom the second, third,
and fourth decretal paragraphs and substituting therefor a
provision denying that branch of the cross motion which was to
quash or modify the subpoena served upon David Kahan, and
otherwise granting the cross motion; as so modified, the order
is affirmed, without costs or disbursements, and the matter is
remitted to the Supreme Court, Kings County, to impose an
appropriate sanction on David Kahan and to direct him to ap-
pear for a deposition on a date certain.

The Supreme Court improvidently exercised its discretion in
denying that branch of the plaintiff's motion which was to hold
the defendant David Kahan in contempt for his failure to
submit to an examination as a judgment debtor (see, Dubroff v
Norych & Tallis, 220 AD2d 480). Kahan's conduct over the
past five years demonstrates his disregard for court orders and
process. While he claims no intent to delay or obstruct the
plaintiff's efforts to enforce court orders, the mere act of disobe-
dience is sufficient to sustain a finding of civil contempt where,
as here, the record reveals that such disobedience was
calculated to or actually did defeat, impair, impede, or preju-
dice the plaintiff's rights (see, Oppenheimer v Oscar Shoes, 111
AD2d 28; Yalkowsky v Yalkowsky, 93 AD2d 834; Great Neck
Pennysaver v Central Nassau Publs., 65 AD2d 616). Further-
more, the subpoena served upon David Kahan clearly sought
"matter relevant to satisfaction of the judgment" against him
(see, CPLR 5223), and there are no grounds for invoking the
court's authority pursuant to CPLR 5240 to quash or modify

the subpoena. Accordingly, those provisions of the order which, in effect, served to delay or place limitations on the plaintiff's right to depose David Kahan are deleted.

The Supreme Court, however, properly exercised its discretion in denying that branch of the plaintiff's motion which was to hold nonparties Edith Kahan and Sara Kahan in contempt for their failure to appear for depositions (*see, Dickson v Ferullo,* 96 AD2d 745). The plaintiff failed to establish, by clear and convincing proof, that the subpoenas in question were violated (*see, Yalkowsky v Yalkowsky, supra*). Although the record reveals that the plaintiff specifically notified David Kahan that his deposition was scheduled to be held on the adjournment date of November 7, 1996, the plaintiff failed to establish that a specific adjournment date was set for the nonparties' depositions.

Finally, the court has broad discretionary power under CPLR 5240 to control and regulate enforcement procedures to prevent " 'unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts' " (*Guardian Loan Co. v Early,* 47 NY2d 515, 519; *see also, Cook v H.R.H. Constr. Corp.,* 32 AD2d 806). Under the circumstances of this case, and in view of the fact that the information and documents sought from the nonparties were essentially duplicative of that sought from David Kahan, the Supreme Court did not err in directing the plaintiff to apply to the court to take the depositions of the nonparties after the deposition of David Kahan was completed. Miller, J. P., O'Brien, Joy and Friedmann, JJ., concur.