■ KENNETH GRAY, Appellant, v SALVATORE GIARRIZZO, Also Known as SALVATORE TARANTINO, Respondent. [850 NYS2d 549]—

In an action to recover damages for breach of a promissory note, the plaintiff, Kenneth Gray, appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), dated October 24, 2006, which denied his post-judgment motion pursuant to CPLR 5251 and Judiciary Law § 756 to punish the defendant, Salvatore Giarrizzo, also known as Salvatore Tarantino, for contempt based upon his refusal or willful neglect to obey an information subpoena and failure to make installment payments pursuant to a prior order of the same court dated May 12, 2006.

Ordered that the order is affirmed, without costs or disbursements.

A party seeking to hold another party in civil contempt has the burden of proving the contemptuous conduct by clear and convincing evidence (*see Rupp-Elmasri v Elmasri*, 305 AD2d 394, 395 [2003]; *Yeshiva Tifferes Torah v Kesher Intl. Trading Corp.*, 246 AD2d 538, 539 [1998]). In order to punish a judgment debtor for contemptuous conduct in reference to a CPLR article 52 money judgment enforcement device, the judgment creditor must establish the judgment debtor's "refusal or willful neglect" (CPLR 5251; *see* Weinstein-Korn-Miller, NY Civ Prac ¶ 5251.05). A subpoenaed witness must be shown to be in possession of or have reasonable access to the information sought in order for the subpoenaed witness to be held in civil contempt (*see generally Yalkowsky v Yalkowsky*, 93 AD2d 834, 835 [1983]).

At the contempt hearing held on July 19, 2006 the defendant testified that he did not have possession of or access to the financial information of his spouse, a nonparty, as sought by the plaintiff pursuant to an information subpoena served in accordance with CPLR 5224. The plaintiff submitted no evidence to the contrary. Thus, the Supreme Court providently exercised its discretion in finding the evidence produced at the hearing insufficient to punish the defendant for contempt on the ground that he refused or willfully neglected to obey the information subpoena (*see* CPLR 5251; Weinstein-Korn-Miller, NY Civ Prac ¶ 5251.05). Prudenti, P.J., Mastro, Santucci and Lifson, JJ., concur.