■ 1319 THIRD AVENUE REALTY CORP., Appellant, v CHATEAUBRIANT RESTAURANT DEVELOPMENT COMPANY, LLC, Respondent. AHMED QASEMI, Nonparty Appellant. [870 NYS2d 249]—

By failing to appear at two scheduled closings, appellants disobeyed an order and judgment, dated November 16 and December 5, 2006, which respectively ordered that a closing take place on November 30 and December 7, 2006. These dispositions expressed an unequivocal mandate of which appellants were well aware, and the disobedience prejudiced defendant's right to close on the sale of the premises, thus justifying the ruling of contempt (*see Matter of McCormick v Axelrod*, 59 NY2d 574, 583 [1983]).

Appellants contend that they could not proceed with the closing because certain preconditions had not occurred and because there were issues with the title. However, they failed to demonstrate a good faith effort to comply with the court's order and judgment by, for example, appearing at the closing and attempting to resolve these purported issues.

Although appellant Qasemi is not a party to the action, he is the sole owner and principal of plaintiff, and can be punished for plaintiff's disobedience of the order and judgment. While Qasemi was not personally served with these dispositions, it is undisputed that plaintiff was served and was aware of the mandates contained therein. It defies credulity that Qasemi himself was unaware of the orders (*see Lipstick, Ltd. v Grupo Tribasa, S.A. de C.V.*, 304 AD2d 482 [2003]). Furthermore, since there were no issues of fact to be resolved at a hearing, it was proper for the court to make a finding of contempt without a hearing (*Cashman v Rosenthal*, 261 AD2d 287 [1999]).

However, in referring the matter to a referee for a determination of damages, the court should have limited defendant's recovery to costs and fees related to the disobedience of the order and judgment, and should not have awarded all costs, expenses and fees "resulting from the various motions, appeals and the trial on damages," which dated back to 2005 (*Clinton Corner H.D.F.C. v Lavergne*, 279 AD2d 339, 341 [2001]; *Alpert v Alpert*, 261 AD2d 247 [1999], *lv dismissed* 94 NY2d 859 [1999]).

We have considered appellants' remaining contentions and find them unavailing. Concur—Lippman, P.J., Tom, Buckley, Moskowitz and Renwick, JJ. [*See* 16 Misc 3d 1139(A), 2007 NY Slip Op 51759(U).]