■ PEDRO LOPEZ, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [925 NYS2d 84]—

Order, Supreme Court, New York County (Michael D. Stallman, J.), entered April 30, 2010, which, in this personal injury action, denied defendant's motion for an order holding plaintiff in contempt for his alleged failure to comply with a preliminary conference order, unanimously affirmed, without costs.

Supreme Court providently exercised its discretion in denying the motion. Plaintiff demonstrated a good faith effort to comply

---

with the preliminary conference order. Indeed, in opposition to defendant's motion, plaintiff provided several authorizations for the release of medical records (*compare Matter of Benson Realty Corp. v Walsh*, 54 AD2d 881, 883 [1976], *appeal dismissed* 43 NY2d 732 [1977], *lv denied* 43 NY2d 642 [1977], *with 1319 Third Ave. Realty Corp. v Chateaubriant Rest. Dev. Co., LLC*, 57 AD3d 340, 341 [2008]). The preliminary conference order did not unequivocally mandate that the authorizations state that they will remain valid until the end of litigation. In addition, defendant has failed to show that it suffered prejudice as a result of plaintiff's delay, or that plaintiff intentionally violated successive court orders that unequivocally directed him to provide discovery (*cf. Emanuel v Sheridan Transp. Corp.*, 58 AD3d 583, 584 [2009], *lv dismissed* 13 NY3d 758 [2009]). Any issues regarding outstanding discovery can be addressed at the next compliance conference.

We note that while Supreme Court is vested with the power to adjudicate a party in contempt (Judiciary Law § 753 [A]), it is nonetheless a drastic remedy rarely to be used in the context of ordinary discovery disputes (*Oak Beach Inn Corp. v Babylon Beacon*, 62 NY2d 158, 166 [1984] ["contempt is not a penalty enumerated in CPLR 3126 and the court must resort to other more general provisions of the law in the rare instances where it may be necessary to hold a person in contempt for failure to make disclosure in a civil case"]). The Transit Authority's resort to a contempt motion on a routine discovery dispute absent application for any other remedy under CPLR 3126 is wholly inexplicable and equally meritless.

We have considered defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Catterson, Moskowitz, Freedman and Richter, JJ.