(April 19, 2012)

■ CADLEROCK JOINT VENTURE, L.P., Appellant, v SOL GREEN-BERG & SONS INTERNATIONAL, INC., et al., Respondents. [942 NYS2d 497]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered May 20, 2010, which, to the extent appealed from, denied plaintiff's motion for contempt to the extent of declining to adjudge defendants Marilyn Greenberg, Marshall Greenberg and Ronald Greenberg in contempt for their failure to produce documents and appear for deposition in response to the post-judgment subpoena, unanimously reversed, on the law and the facts, with costs, the motion granted, and the matter remanded for further proceedings consistent herewith. Order, same court and Justice, entered November 18, 2010, which, to the extent

appealed from as limited by the brief, denied plaintiff's motion for sanctions, costs and attorneys' fees and declined to order defendant Sol Greenberg & Sons International, Inc. (SGSI) to appear for a continued deposition, unanimously reversed, on the law and the facts, with costs, the motion granted, with sanctions to be imposed on defendants' counsel in the amount of $10,000, payable to the Lawyers' Fund for Client Protection, SGSI ordered to appear for continued deposition to be conducted under court supervision, and the matter remanded to Supreme Court for assessment of the costs and attorneys' fees incurred by plaintiff in making the motion for sanctions and taking this appeal.

Supreme Court improvidently exercised its discretion in only adjudging defendant SGSI in contempt for its failure to produce documents and appear for deposition in response to the post-judgment subpoena. There is no dispute that all four judgment debtors were in violation and contempt of the postjudgment subpoena served on them, as each failed to produce documents and appear for deposition. Moreover, the subpoena served upon the judgment debtors, in connection with the judgment creditor's efforts to enforce court orders, clearly sought documents and deposition testimony relevant to the satisfaction of the judgment against them (*see* CPLR 5223; *Yeshiva Tifferes Torah v Kesher Intl. Trading Corp.*, 246 AD2d 538 [1998]).

At the deposition in this matter, defendants' counsel, Mr. Joseph R. Sahid, repeatedly interrupted the questioning and made improper objections and lengthy speeches that had no merit. He also improperly interrupted the witness's answers and conferred with the witness (his client) mid-answer. He insulted plaintiff's counsel, Justice Solomon and her clerk, and even the court reporter, who was eventually compelled to leave the deposition due to the abuse of defendants' counsel.

Pursuant to 22 NYCRR 130-1.1 (a), a court "in its discretion, may award to any party or attorney in any civil action or proceeding before the court . . . costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct" and, in "addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part" (*see also Tag 380, LLC v Ronson*, 51 AD3d 471 [2008]).

As defined in subdivision (c) of 22 NYCRR 130-1.1, conduct is frivolous if

"(1) it is completely without merit in law and cannot be sup-

ported by a reasonable argument for an extension, modification or reversal of existing law;

"(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or

"(3) it asserts material factual statements that are false."

We find that the conduct of defendants' counsel was undertaken primarily to delay or prolong the resolution of the litigation and to harass plaintiff. We also find that counsel's arguments at the deposition were totally without merit in law. While we recognize that Supreme Court referred Mr. Sahid's conduct to the Disciplinary Committee, we find that his frivolous, outrageous, and unprofessional behavior warrants sanctions, costs and attorneys' fees.

Inasmuch as Mr. Sahid's conduct prevented plaintiff from completing the deposition at which Marshall Greenberg appeared on behalf of SGSI, it is appropriate that Marshall Greenberg appear again to complete the deposition, which should be conducted under court supervision. Concur—Gonzalez, P.J., Tom, Catterson, Renwick and Richter, JJ.