◼ KOREA CHOSUN DAILY TIMES, INC., Appellant, v DOUGH BOY DONUTS CORP., Also Known as DOUGH BOY DONUTS, INC., Respondent, et al., Defendants. [10 NYS3d 453]—In an action to recover damages for breach of a lease, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated June 5, 2014, which denied its motion to hold the defendants in civil contempt for their alleged failure to honor a subpoena deuces tecum.

Ordered that the order is affirmed, with costs.

To find a party in civil contempt pursuant to Judiciary Law § 753, the applicant must demonstrate, by clear and convincing evidence, " '(1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the order was disobeyed and the party disobeying the order had knowledge of its terms, and (3) that the movant was prejudiced by the offending conduct' " (*El-Dehdan v El-Dehdan*, 114 AD3d 4, 16 [2013], quoting *Bernard-Cadet v Gobin*, 94 AD3d 1030, 1031 [2012]; *see* Judiciary Law § 753 [A]). Here, the Supreme Court providently exercised its discretion in denying those branches of the plaintiff's motion which were to hold the defendants Dough Boy Donuts Corp., also known as Dough Boy Donuts, Inc., and Mac Donut Corp. in civil contempt, as the plaintiff failed to establish, by clear and convincing evidence, that those defendants disobeyed a clear and unequivocal mandate contained in the subpoena deuces tecum (*see* CPLR 5251; *Gray v Giarrizzo*, 47 AD3d 765 [2008]; *Yeshiva Tifferes Torah v Kesher Intl. Trading Corp.*, 246 AD2d 538, 539 [1998]; *cf. Matter of Halioris v Halioris*, 126 AD3d 973 [2015]; *State Farm Fire & Cas. v Parking Sys. Valet Serv.*, 85 AD3d 761, 765 [2011]).

Further, the Supreme Court correctly denied that branch of the plaintiff's motion which was to hold the defendant 34th & 10th, LLC, in civil contempt, as the plaintiff failed to properly serve the subpoena deuces tecum upon that party (*see* CPLR 311-a; *Ciafone v Queens Ctr. for Rehabilitation & Residential Healthcare*, 126 AD3d 662 [2015]). Mastro, J.P., Chambers, Maltese and Duffy, JJ., concur.