Tishman Constr. Corp. v United Hispanic Constr. Workers, Inc. (2018 NY Slip Op 00795)





Tishman Constr. Corp. v United Hispanic Constr. Workers, Inc.


2018 NY Slip Op 00795


Decided on February 6, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2018

Richter, J.P., Mazzarelli, Kahn, Moulton, JJ.


150585/11 -4962N 4961 4960

[*1] Tishman Construction Corp., et al., Plaintiffs-Respondents,
v
United Hispanic Construction Workers, Inc., Defendant-Appellant. David Rodriguez, Nonparty Appellant.


Trivella & Forte, LLP, White Plains (Christopher A. Smith and John M. Harras of counsel), for appellant.
Milman Labuda Law Group PLLC, Lake Success (Joseph M. Labuda of counsel), for respondents.



Judgment, Supreme Court, New York County (Anil C. Singh, J.), entered February 28, 2017, in favor of plaintiffs and against defendant United Hispanic Construction Workers, Inc. (UHCW) and nonparty David Rodriguez in the amount of $218,710.08 in attorneys' fees, costs and interest, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered January 27, 2016 and February 10, 2017, unanimously
dismissed, without costs, as subsumed in the appeal from judgment.
The court properly found that appellants disobeyed the stipulation and order, which was negotiated by the parties and set forth the conditions for protests held by UHCW. These conditions expressed an unequivocal mandate of which appellants were well aware, and their violation of the order prejudiced plaintiffs' right to conduct business without disturbance, thus justifying the finding of contempt (see El-Dehdan v El-Dehdan, 26 NY3d 19 [2015]; McCain v Dinkins, 84 NY2d 216 [1994]).
The court properly exercised jurisdiction over Rodriguez, who is president of UHCW and who signed the 2012 stipulation and order that was subsequently violated. Although Rodriguez was not personally served in the action, it is undisputed that he was involved in the negotiation of the stipulation, and was knowledgeable of the conditions set forth therein. Furthermore, the evidence presented at the contempt hearing demonstrated that Rodriguez himself violated the court's mandates. Under these circumstances, Rodriguez, even as a nonparty, can be punished for UHCW's violations of the stipulation and order (see 1319 Third Ave. Realty Corp. v Chateaubriant Rest. Dev. Co., LLC, 57 AD3d 340 [1st Dept 2008]).
We have considered appellants' remaining arguments and find them unavailing.
By this decision and order, we are resolving all of the issues raised in the instant consolidated appeals.
The Decision and Order of this Court entered herein on November [*2]14, 2017 (155 AD3d 471 [1st Dept 2017]) is hereby recalled and vacated (see M-6681 decided simultaneously herewith).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 6, 2018
CLERK