Jerweb Realty, Respondent,
against
Roxanne Greaves, Appellant.
Larry Jeremias, 
 Nonparty-Respondent.
Brooklyn Legal Services (Vance Gathing, Esq.), for appellant.
Green & Cohen, P.C. (Adam M. Bernstein, Esq.), for respondent.
Larry Jeremias, nonparty-respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Marcia J. Sikowitz, J.), entered March 12, 2015. The order, insofar as appealed from and as limited by the brief, denied the branch of tenant's motion seeking to punish landlord and nonparty Larry Jeremias, landlord's managing agent, for civil contempt for violating orders of the same court dated September 4, 2014 and September 22, 2014, directing landlord to restore tenant's apartment to a habitable condition.




ORDERED that the order entered March 12, 2015, insofar as appealed from, is affirmed, without costs.
After tenant had been evicted pursuant to a nonpayment final judgment, landlord immediately began to demolish tenant's apartment's bathroom and kitchen, rendering the premises uninhabitable. By order dated September 4, 2014, the Civil Court granted a motion by tenant to be restored to possession and directed landlord to restore tenant to possession upon tenant's payment of arrears in the sum of $8,519.51, in effect, by September 16, 2014 and to restore the premises to a habitable condition forthwith upon such payment. Tenant failed to make the payment due by September 16, 2014 and, instead, moved, by order to show cause dated September 16, 2014, to, among other things, be restored to possession. By order dated September 18, 2014, the Civil Court extended tenant's time for payment until September 22, 2014 and adjourned the remainder of tenant's motion to September 22, 2014. In an order dated September 22, 2014, the Civil Court found that it was undisputed that all arrears had been paid on September 19, 2014 and that tenant had been restored to possession, and ordered landlord to restore the premises to a habitable condition. The court also directed tenant to provide landlord with access on specified dates and times in early September and the beginning of October to allow landlord to effectuate the necessary repairs to the premises. Thereafter, in November 2014, tenant moved to, among other things, punish landlord and Larry Jeremias, landlord's managing agent, for civil contempt for violating the orders dated September 4, 2014 and September 22, [*2]2014 (see Judiciary Law § 753), alleging, among other things, that they had failed to restore the premises to a habitable condition. Landlord and Jeremias opposed the motion, asserting, among other things, that tenant had denied access to the premises. By order entered March 12, 2015, the Civil Court, among other things, denied as "moot" the branch of tenant's motion seeking to punish landlord and Jeremias for contempt for failing to restore the apartment to a habitable condition, as the premises had by then been restored to a habitable condition. 
On appeal, tenant argues that the branch of the motion seeking to punish landlord and Jeremias for civil contempt for failing to restore the apartment to a habitable condition was not "moot," as she had been without a kitchen and bathroom for several months.
"Civil contempt seeks vindication for individuals who have been injured or harmed by [a] contemnor's failure to obey a court order. A civil contempt penalty is imposed not to punish but, rather, to compensate the injured private party or to coerce compliance with the court's mandate" (Matter of Department of Hous. Preserv. & Dev. of City of NY v Deka Realty Corp., 208 AD2d 37, 42 [1995] [internal quotation marks and citations omitted]; see El-Dehdan v El-Dehdan, 26 NY3d 19 [2015]; State of New York v Unique Ideas, 44 NY2d 345, 349 [1978]).
In the order entered September 22, 2014, the court noted that it was undisputed that tenant had paid the arrears on September 19, 2014 and directed tenant to provide access to the premises on particular days and specific times for landlord to make the necessary repairs to restore the premises to a habitable condition. It appears from Jeremias's affidavit, submitted in opposition to the contempt motion, and it is undisputed by tenant, that all the work was completed as of January 20, 2015.
At the outset we note that, since tenant failed to timely make the payment required by the September 4, 2014 conditional order, there was no violation of the order requiring restoration of the premises.
While tenant argues that an agent can be held liable for its principal's contempt, here Jeremias was not named in the September 22, 2014 order allegedly violated and this order was not served upon him. Thus, there is no basis to punish Jeremias for contempt thereof (see Korea Chosun Daily Times, Inc. v Dough Boy Donuts Corp, 129 AD3d 918 [2015]; cf. Citibank, N.A. v Anthony Lincoln-Mercury, 86 AD2d 828 [1982]).
With respect to the Civil Court's use of the word "moot" in denying the branch of tenant's motion seeking to punish landlord (and Jeremias) for contempt in violating the September 22, 2014 order, we note that that branch of the motion had not been rendered "moot" in the sense that there was no justiciable controversy to be determined. However, in the context of the particular facts and circumstances presented before it, the Civil Court was, in effect, exercising its discretion in finding that landlord (and Jeremias) should not be punished for contempt, a finding with which we are in agreement. 
Accordingly, the order entered March 12, 2015, insofar as appealed from, is affirmed.
PESCE, P.J., WESTON and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 30, 2018