Matter of Samaritan-Compass VI Hous. Dev. Fund Corp. v 1293-95 Rodman LLC (2023 NY Slip Op 03422)

Matter of Samaritan-Compass VI Hous. Dev. Fund Corp. v 1293-95 Rodman LLC

2023 NY Slip Op 03422

Decided on June 22, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 22, 2023

Before: Kern, J.P., Friedman, Mendez, Rodriguez, JJ. 

Index No. 801404/21E Appeal No. 544 Case No. 2022-02617 

[*1]In the Matter of Samaritan-Compass VI Housing Development Fund Corporation, Petitioner-Respondent,
v
1293-95 Rodman LLC, Respondent-Appellant.

Turturro Law, P.C., Brooklyn (Natraj S. Bhushan of counsel), for appellant.
Braverman Greenspun, P.C., New York (Benjamin Fox Tracy of counsel), for respondent.

Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered May 26, 2022, which, after an evidentiary hearing, granted petitioner Samaritan-Compass VI Housing Development Fund Corporation's motion to hold respondent 1293-95 Rodman LLC in contempt of an order which granted Samaritan access to Rodman's property pursuant to RPAPL 881, unanimously affirmed, with costs.
The record supports the court's finding, by clear and convincing evidence, that Rodman was in contempt of an August 11, 2021 order and accompanying license summary. In direct contravention of the August 11, 2021 order and accompanying license summary, Rodman repeatedly refused Samaritan access to its property for the purpose of installing a controlled-access zone (CAZ), worked within the CAZ without coordinating with Samaritan and then entered the CAZ and dismantled it, causing weeks of delay and extra costs (see Judiciary Law § 753 [A] [2]; El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]; Gray v Giarrizzo, 47 AD3d 765, 766 [2d Dept 2008]).
In opposition, Rodman failed to refute Samaritan's showing and failed to establish a defense (see Mollah v Mollah, 136 AD3d 992, 993 [2d Dept 2016]). To the extent Rodman believed that Samaritan was not following the terms of the order and license summary or that Samaritan's schedule was unworkable, its remedy was to move for a hearing, not to engage in noncompliance (see Peters v Sage Group Assoc., 238 AD2d 123, 123 [1st Dept 1997]; see also 1319 Third Ave. Realty Corp. v Chateaubriant Rest. Dev. Co., LLC, 57 AD3d 340, 341 [1st Dept 2008]). Moreover, the license summary was clear and unambiguous, and thus Rodman's claim that it misinterpreted the terms of the summary in good faith is unavailing (see McCain v Dinkins, 192 AD2d 217, 219 [1st Dept 1993], affd 84 NY2d 216 [1994]; cf. Matter of Banks v Stanford, 159 AD3d 134, 145 [2d Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2023