## Broadway Sky, LLC v 53rd St. Holdings, LLC

2024 NY Slip Op 30517(U)

February 15, 2024

Supreme Court, New York County

Docket Number: Index No. 654594/2012

Judge: Robert R. Reed

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 43

------------------------------------------------------------------X

BROADWAY SKY, LLC,

                          Plaintiff,

                  - v -

53RD STREET HOLDINGS, LLC,CITY OUTDOOR,
INC.,CLARK A CUMMINS,

                          Defendant.

------------------------------------------------------------------X

53RD STREET HOLDINGS, LLC, CLARK CUMMINS

                          Plaintiff,

                -against-

OOS INVESTMENTS, LLC

                          Defendant.

------------------------------------------------------------------X

CITY OUTDOOR, INC.

                          Plaintiff,

                -against-

OOS INVESTMENTS, LLC, 53RD STREET HOLDINGS, LLC,
CLARK A. CUMMIS

                          Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654594/2012 |
| **MOTION DATE** | 02/14/2024 |
| **MOTION SEQ. NO.** | 021 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No.  590405/2013

Second Third-Party
Index No.  595042/2017

**HON. ROBERT R. REED:**

The following e-filed documents, listed by NYSCEF document number (Motion 021) 556, 557, 558, 559,
560, 561, 562, 563, 564, 565, 566, 567, 568, 569, 570, 571, 572, 573, 574, 575, 576, 577, 578, 579,
580, 581, 582, 583, 584, 585, 586

were read on this motion for                    POST JUDGMENT OTHER

      This is a motion filed by a judgment creditor to enforce information subpoenas served

upon nonparty entities. The subpoenas seek disclosure of information regarding the judgment

[* 1]

debtor and also seek to obtain testimony from the widow and daughter of the judgment debtor principal.

CPLR 5223 permits a judgment creditor to compel disclosure of matters relevant to the satisfaction of a judgment by service of a subpoena. It is a liberal standard that permits a broad inquiry as against the judgment debtor and any third person who possesses relevant information. A restraining notice may accompany that subpoena if it suspected that the entity served has possession of property owed the judgment debtor (CPLR 5222).

Where a subpoena served in connection with a judgment creditor's efforts to enforce court orders clearly seeks documents and deposition testimony relevant to the satisfaction of the judgment, there is no dispute that a party is in violation and contempt of a post-judgment subpoena where there is a demonstrable failure of the served party to produce documents and appear for deposition (*Cadlerock Joint Venture, L.P. v Sol Greenberg & Sons Int'l, Inc.*, 94 AD3d 580, 581 [1st Dept 2012] *citing,* CPLR 5223; *Yeshiva Tifferes Torah v. Kesher Intl. Trading Corp.*, 246 AD2d 538 [2d Dept 1998]).

Here, the arguments of the nonparty entities in opposition are unavailing. It is undisputed that the information subpoenas with restraining notices served upon Del Mastro Outdoor, LLC and Del Mastro Media, LLC were not responded to. No evidence of unreasonable annoyance, expense, embarrassment, disadvantage, or prejudice was submitted to prohibit disclosure of information in response to the information subpoenas (*Sanders v Manufacturers Hanover Tr. Co.*, 229 AD2d 544 [2d Dept 1996]). Neither was any evidence presented that the deposition notices served were improper or otherwise prohibited. "Refusal or willful neglect of any person to obey a subpoena or restraining notice issued…shall each be punishable as a contempt of court" (CPLR 5210, 5251). Plaintiff's motion for an order pursuant to CPLR 5101, 5104, 5210,

[* 2]

5222, 5223, 5224 and 5251, to compel nonparties Cynthia Del Mastro, Del Mastro Outdoor LLC and Del Mastro Media LLC to respond to information subpoenas and appear for a deposition is granted.

Accordingly, it is hereby

ORDERED that nonparties Cynthia Del Mastro, Del Mastro Outdoor LLC and Del Mastro Media LLC are each found to be in contempt for their failure, without excuse, to respond to the information subpoenas duly served upon them and for their failure to appear for a deposition as duly directed; and it is further

ORDERED that nonparties Cynthia Del Mastro, Del Mastro Outdoor LLC and Del Mastro Media LLC may each purge themselves of their contempt by complying with the orders directed in the following two paragraphs:

(1) Cynthia Del Mastro, Del Mastro Outdoor LLC and Del Mastro Media LLC shall respond and produce documents responsive to the information subpoenas served by plaintiff on or before March 15, 2024; and

(2) Cynthia Del Mastro, Del Mastro Outdoor LLC and Del Mastro Media LLC shall, by March 29, 2024 (or within 14 days from production of the aforesaid documents), produce a witness with knowledge of the facts identified in the information subpoenas for deposition, at the office of counsel for plaintiff, on a date and at a time convenient for the parties.

[* 3]

It is further

ORDERED that failure to comply with this order shall result in monetary sanctions.

_____
2/15/24
DATE

ROBERT R. REED, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | ☐ | REFERENCE |